■ BEECHWOOD SANITARIUM, Also Known as BEECHWOOD NURSING HOME, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. — Order unanimously affirmed, without costs. Memorandum: Plaintiff, a proprietary nursing home facility and a qualified provider under Medicare and Medicaid programs, seeks declaratory relief challenging defendants' calculation of rates to which it claims entitlement for delivery of health care services to eligible recipients under the Medicaid program (Social Security Act, tit 19; US Code, tit 42, § 1396 *et seq.).* Plaintiff also disputes the accounting methodology employed by defendants in arriving at the applicable rates. Whether the action is properly one to be determined by way of an action for declaratory judgment or through an article 78 proceeding, all parties agree that plaintiff's action is limited to a four-month period from defendants' rejection of its administrative appeals on June 7, 1979. This would require the action to be commenced by October 7, 1979 which was a Sunday followed by Columbus Day (Oct. 8, 1979), a public holiday. Service of the summons and complaint on October 9, 1979 commencing this action was, therefore, timely (see General Construction Law, § 30). Plaintiff argues that in computing the rate to which it claims it was statutorily entitled defendant commissioner acted capriciously and arbitrarily, erred in excluding depreciation expenses from the formula and failed to use generally accepted accounting principles in arriving at the formula. While it is true that providers of health care services are required to utilize generally accepted accounting principles in submitting financial and statistical report data to the State (10 NYCRR 86-2.4), no similar requirement is exacted from defendants by either State or Federal guidelines. Medicare regulations, for instance, provide that an appropriate allowance for depreciation is an allowable cost (42 CFR 405.402 [b] [5]; 42 CFR 405.415 [a]). However, in interpreting Medicaid guidelines it has been recognized that "the legislative history leaves no doubt that Congress intended states to have the option to adopt the Medicare principles and standards, but not to require that states adopt these principles and standards" (41 Fed Reg 27302). This flexibility was recently recognized in *Alabama Nursing Home Assoc. v Harris* (617 F2d 388, 392) wherein the court stated: "Congress intended that state authorities in developing methodologies for reasonable cost related reimbursement have great flexibility in the areas of cost-finding and rate-setting. The legislative history indicates that states are to be free to experiment with methods and standards for payment that would be simpler and less expensive than the complex Medicare reasonable cost formula." Subdivision 3 of section 2807 of the Public Health Law sets forth certain guidelines for Medicaid reimbursement and mandates that prior to the approval of rates the commissioner is to consider, *inter alia,* the elements of cost. In making reimbursement he need only do so at a rate reasonably related to the costs of the services performed, not at a rate reflecting actual costs *(Matter of Broadacres Skilled Nursing Facility v Ingraham,* 51 AD2d 243). Plaintiff of course is entitled to reasonable compensation for the costs of patient care in its facility. However, so long as the formula by which it is reimbursed has a rational basis and is reasonably related to cost, plaintiff has no cause to complain. The statutes and regulations under which providers of health care services are reimbursed and the methodology employed by defendants in carrying out the legislative mandate meet this test of rationality. In this highly regulated, much investigated area of nursing home care, plaintiff has a

heavy burden of showing that the formulas employed by defendants were arbitrary or capricious and invaded its constitutional perogatives. It has failed to meet this burden and the grant of summary judgment in favor of defendants was proper. (Appeal from order of Monroe Supreme Court — summary judgment.) Present — Cardamone, J.P., Simons, Hancock, Jr., Schnepp and Doerr, JJ.