■ In the Matter of BEECHWOOD SANITARIUM, Also Known as BEECHWOOD NURSING HOME, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent.—Determination modified, on the law, and, as modified, confirmed, without costs, and matter remitted to respondent for determination of petitioner's Medicaid reimbursement rate, in accordance with memorandum. All concur, Pine, J., not participating. Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge portions of an administrative hearing officer's determination fully adopted by respondent, which disallowed reimbursement to petitioner of certain disputed capital and operating cost items claimed by petitioner to have been reasonably and necessarily incurred in providing nursing home services, but determined by respondent to be nonincludable in the computation of petitioner's Medicaid reimbursement rate. Respondent's conclusion that petitioner's net interest expense of $2,152 for the year 1975 was an unnecessary expense and thereby nonreimbursable was not supported by substantial evidence. Petitioner is entitled to reimbursement for this expense (10 NYCRR 86-2.20 [b]).

The ceilings on reimbursement for salaries of administrators and medical directors set by respondent for the years 1978 and 1979 were not arbitrarily determined, and are reasonably related to costs. Reimbursement must only be made at a "rate reasonably related to the costs of the services performed, not at a rate reflecting actual costs" *(Beechwood Sanitarium v Axelrod,* 79 AD2d 1084, *lv denied* 54 NY2d 601, *appeal dismissed* 454 US 959). Respondent's determination of reimbursement rates for administrators' and medical directors' salaries is confirmed.

Respondent's conclusion that an expense of $2,000 for accountant's fees incurred in 1975 was a building cost, to be capitalized over a 40-year period, was not arbitrary and was supported by evidence in the record, including a letter from petitioner's accountant stating that the fee was incurred to certify building costs, and by the testimony of Herbert Chambery that the audit was performed for FHA purposes.

We agree with petitioner's contention that the full historical land cost of the facility should include the total purchase price of the Packard Street property ($17,816.80). Both parties agree that 42 CFR 405.415 (f) (5) (vii) is applicable to this situation. This regulation clearly provides that "[i]f the building is demolished, the entire purchase price * * * shall be considered the historical cost of the land." After petitioner acquired

this property the building was demolished before the property was used for patient care.

Petitioner is also entitled to the undepreciated value of the old Culver Road facility, in the amount of $24,241.81, as an allowable expense for reimbursement purposes. 42 CFR 405.415 (f) (5) (iv) (B) provides that the loss on a demolished asset is allowable and must be amortized over the estimated useful life of the replacement asset. We agree with respondent's conclusion that petitioner is not entitled to holding costs on the Packard Street property because petitioner failed to prove that these costs were planning costs, for which reimbursement is allowed.

Petitioner appeals respondent's disallowance of certain items of claimed capital costs. Petitioner has the burden of demonstrating the incorrectness of the Department's audit of allowable capital costs (10 NYCRR 86-2.7 [f] [3]). We find that petitioner failed to sustain its burden on all claims except that relating to architect's fees. The amount of $780 in architect's fees claimed by petitioner was verified in the Bureau of Audit Investigation audit of 1976 costs; therefore respondent's decision to disallow this cost was not supported by substantial evidence. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Tillman, J.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.