OPINION OF THE COURT
Stanley Parness, J.
In this CPLR article 78 proceeding, petitioner seeks to reverse the administrative decision after fair hearing of respondent, Perales, as State Commissioner of the Department *1011 of Social Services, of March 20, 1987 concerning public assistance payments withheld from petitioner from August 1985 through October 1985 and seeking that such payments be directed paid to petitioner. Respondent, Perales, determined therein that the appeal from the underlying decision and order of respondent Grinker was untimely brought, from which petitioner commenced this proceeding.
Respondents separately move to dismiss this proceeding as untimely, and barred by CPLR 217 which requires that: "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner”.
In this case, the administrative decision is stated to have become binding upon petitioner on March 20, 1987.
Respondents allege that they were not served with copies of the notice of petition and petition until August 25, 1987, 5 months and 5 days from the date of the Perales determination. Petitioners, nevertheless, allege that service was timely made upon respondent, pursuant to CPLR 203 (b) (5) by filing the notice of petition and petition with the Clerk of New York County on July 20, 1987 and serving a copy thereof upon each defendant and upon the Attorney-General on August 25, 1987.
Respondents contend that the extension provisions of CPLR 203 (b) (5) do not apply to special proceedings and, therefore, the proceeding is barred by the four-month Statute of Limitations. The Attorney-General similarly challenges the applicability of CPLR 203 (b) (5) to extend the time within which to serve the Attorney-General. CPLR 203 (b) (5) provides:
"(b) * * * A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when * * *
"5. The summons is delivered * * * or is filed with the clerk of that county within the city of New York in which the defendant resides, is employed or is doing business * * * provided that:
"(i) the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision”.
The procedural format of this section has been complied with by service upon the County Clerk within the 4-month period of limitations of CPLR 217 and by service upon the respondents within 60 days of the expiration of that 4-month period.
*1012 While the Attorney-General is required by CPLR 7804 (c) to be served with a copy of the notice of petition, neither this section nor CPLR 203 (b) (5) sets forth any exception to the applicability of the service permitted under CPLR 203 (b) (5) to the Attorney-General. In this case, the Attorney-General is not the State officer whose determination is being challenged. While he is required to be served, his appearance herein is as attorney for respondent, Perales, whose determination is being challenged. So long as the Attorney-General is served, CPLR 7804 (c) is jurisdictionally satisfied. The time for such service is not stated therein. (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7804:4, at 506 [which states that presumably he is entitled to the usual 20 days’ notice (i.e., to appear)].)
Respondents also argue that a distinction should be drawn based on CPLR 203 (a) which sets forth the time within which "an action” must be commenced, but does not mention "proceedings”. The distinction is not well taken. CPLR 103 (a) provides, "[t]here is only one form of civil action”, and CPLR 103 (b) provides: "[a]ll civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized. Except where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings. ” (Emphasis supplied.)
The four-month period for commencement of a proceeding as required under CPLR 217 is simply a period of limitation upon the article 78 right of administrative review and not an essential or integral part of such right nor a condition precedent to its exercise. (Matter of Gillespie v Du Mond, 190 Misc 334; Kerr v St. Luke’s Hosp., 262 Misc 822, affd 287 NY 673.) As a period of limitation, it would be subject to the same ameliorating provision of CPLR 203 (b) (5) as would any other period of limitation set forth in the CPLR.
Accordingly, the service of August 25, 1987 upon the respondent and the Attorney-General was timely made. The motions to dismiss the instant proceeding as untimely commenced are both denied.
Respondents are directed to serve answers to the petition within 20 days from date of publication hereof.