OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
In this action, plaintiff insurance company seeks to rescind a life insurance policy on the ground that, in the application for the policy, the insured made material misrepresentations concerning his health. The question presented by this appeal, which challenges the lower courts’ denial of defendants’ motion to dismiss the complaint, is whether the action is barred by the mandatory two-year incontestability clause, contained in the policy (see, Insurance Law § 3203 [a] [3]).
We agree with the Appellate Division that plaintiff timely contested the policy by delivering a copy of the summons to the Sheriff of Orange County (defendants’ county of residence) within the two-year period and by serving the summons upon the defendants within 60 days after the two-year period expired.
*876 An insurance policy is contested "when the insurer avoids, or seeks to avoid, the obligation of the contract by action or defense” (Killian v Metropolitan Life Ins. Co., 251 NY 44, 49). Thus, the two-year incontestability clause required by law to be included in a life insurance policy establishes the time within which an action such as this one must be commenced; as we have noted, it is, in effect, a Statute of Limitations (id.). The decisive question, then, is whether delivery of the summons to the Sheriff is a sufficient means of commencing an action for the purpose of determining timeliness.
The question is answered by CPLR 203, which provides, in subdivision (a), that "[t]he time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed.” Accordingly, interposition of the claim is the event which determines timeliness. CPLR 203 (b) provides a number of methods of interposing a claim, among which is the method relied upon by plaintiff in this case: delivery of the summons to the Sheriff of the county where the defendant resides, provided that "the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision.”
We long ago held that the predecessor to CPLR 203 (Code Civ Pro § 399) was applicable to limitations periods provided by contract, including those required by statute to be contained in insurance policies (see, Hamilton v Royal Ins. Co., 156 NY 327). There is no reason to depart from that holding today and, therefore, we accept the Appellate Division’s holding that the present action is not barred by the two-year incontestability clause.
We would note, however, that we do not endorse the reasoning that delivery of the summons to the Sheriff tolled or extended the incontestability period for 60 days. The effect of the delivery to the Sheriff, when followed by service upon the defendants within the 60-day period provided for by the statute, was that the claim was interposed — and therefore the action was commenced for timeliness purposes — within the two-year period. Thus, we have no need to pass on whether the various tolling provisions in article 2 of the CPLR are applicable to an action such as this one.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur in memorandum; Judge Titone taking no part.
Order affirmed, etc.