In the Matter of LONG ISLAND CITIZENS CAMPAIGN, INC., Doing Business as CAMPAIGN FOR THE GOVERNMENT, Appellant, v COUNTY OF NASSAU et al., Respondents.

Second Department, February 11, 1991

APPEARANCES OF COUNSEL

*Levine & Robinson, P. C. (Kenneth L. Robinson* of counsel), for appellant.

*Robert W. Schmidt, County Attorney (Patricia M. Carroll* of counsel), for County of Nassau and another, respondents.

*Meyer, Suozzi, English & Klein, P. C. (Lois Carter Schlissel* and *David A. Smith* of counsel), for Shelter Hills Associates, respondent.

**OPINION OF THE COURT**

LAWRENCE, J.

The respondent Shelter Hills Associates (hereinafter Shelter Hills), a joint venture consisting of Stone Hills, Inc. and Metro Hills Venture Corp., doing business as Stone Hills Associates, is the owner of a certain parcel of real property located in the Village of North Hills. Shelter Hills had obtained the approval of the Village of North Hills to develop a residential community on the property. In a determination dated August 16, 1988, the respondent Nassau County Department of Health granted Shelter Hills a waiver from Nassau County Public Health Ordinance article X § 6 (a) (1) and in a second determination dated August 16, 1988, decided that certain amendments to Nassau County Public Health Ordinance article X were not applicable to Shelter Hills's project.

On December 14, 1988, the petitioner commenced this proceeding pursuant to CPLR article 78 challenging the aforenoted August 16, 1988, determinations, by service of a notice of petition on the Sheriff of Nassau County pursuant to CPLR 203 (b) (5).[1] While the notice of petition set forth the date and time of the hearing on the petition and the relief sought, it did not specify the supporting affidavits accompanying the petition, and neither the petition nor any supporting affidavits were annexed to the notice.

Within 60 days after the service on the Sheriff, the respon-

---

1. CPLR 203 (a) provides, in pertinent part, that "[t]he time within which an action must be commenced * * * shall be computed from the time the cause of action accrued to the time the claim is interposed". Also, CPLR 203 (b) (5) (i) provides that a claim is interposed when "[t]he summons is delivered to the sheriff * * * provided that * * * the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision".

dents County of Nassau and Nassau County Department of Health (hereinafter referred to jointly as Nassau County) were served with the notice of petition, together with a verified petition and supporting affidavits, and Shelter Hills was also served with the notice of petition, together with a verified petition and supporting affidavits, by the Secretary of State pursuant to Business Corporation Law § 306.

Subsequently, Nassau County and Shelter Hills separately moved, *inter alia,* to dismiss the proceeding against them on the ground that it was barred by the four-month Statute of Limitations set forth in CPLR 217. They contended that CPLR 203 (b) (5) was not applicable to a proceeding pursuant to CPLR article 78, and that, in any event, the service on the Sheriff of a notice of petition without a petition was insufficient to commence the proceeding. The Supreme Court dismissed the proceeding, holding that while the petitioner had sought to interpose its claim, pursuant to CPLR 203 (b) (5), the papers served on the Sheriff were insufficient. The petitioner now appeals.

A proceeding pursuant to CPLR article 78: "is governed by Article 4 of the CPLR, except when Article 78 contains a specific provision that is contrary to Article 4. If a procedural problem arises that is covered in neither Article 4 nor Article 78, then the procedure is the same as in an ordinary action" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7804:1, at 504 [1981]; *see,* CPLR 103[b]; Fourth Report to Legis from the Advisory Comm on Practice and Procedure, 1960 NY Legis Doc No. 20, at 240, cited in McKinney's Cons Laws of NY, Book 7B, CPLR 7804, at 509 [1981]). Since neither CPLR article 4 nor article 78 contains a provision dealing with the computation of the Statute of Limitations, the provisions of CPLR article 2 govern this issue *(see,* CPLR 103 [b]; 105 [b]; Fourth Report to Legis from Advisory Comm on Practice and Procedure, 1960 NY Legis Doc No. 20, at 46, cited in Legislative Studies and Reports, McKinney's Cons Laws of NY, Book 7B, CPLR 105, at 43 [1990]). Consequently, service of appropriate process on the Sheriff pursuant to CPLR 203 (b) (5), could be utilized to commence a proceeding pursuant to CPLR article 78 *(see, Matter of Medina v Perales,* 138 Misc 2d 1010, 1012; *Property Clerk, N. Y. City Police Dept. v Hurd,* 130 Misc 2d 358, 361; *see also, Matter of Morris Investors v Commissioner of Fin. of City of N. Y.,* 69 NY2d 933, 935 [CPLR 205 (a) entitled "Termination of action", which, *inter alia,* permits a plaintiff

an additional six months to commence an action, where a timely commenced action has been terminated for certain reasons, was held applicable to CPLR article 78 proceedings]).

Moreover, the application of CPLR 203 (b) (5) does not extend by 50% the applicable four-month Statute of Limitations. The Court of Appeals has indicated that it "do[es] not endorse the reasoning that delivery of the summons to the Sheriff toll[s] or extend[s]" *(Berkshire Life Ins. Co. v Fernandez,* 71 NY2d 874, 876) the applicable Statute of Limitations for 60 days. Rather, "[t]he effect of the delivery to the Sheriff, when followed by service upon the defendants within the 60-day period provided for by the statute, [is] that the claim [is] interposed—and therefore the action [or proceeding is] commenced for timeliness purposes—within the" *(Berkshire Life Ins. Co. v Fernandez, supra,* at 876) applicable Statute of Limitations. *Garr v State of New York* (102 Misc 2d 350) and *Matter of Zaretski v Tutunjian* (133 AD2d 928), relied upon by Shelter Hills, are factually distinguishable and do not preclude the applicability of CPLR 203 (b) (5) in this case.

We find no merit to Shelter Hills's additional claim that CPLR 203 (b) (5) may be used only if a party has unsuccessfully attempted to serve the adversary directly with process within the applicable Statute of Limitations period. CPLR 203 (b) (5) is just one of the methods by which a claim can be interposed; and there is nothing in this court's decision in *Johnson Matthey v Farrell* (141 AD2d 68) which supports a contrary conclusion.

Nevertheless, despite the applicability of CPLR 203 (b) (5) to this proceeding, the petitioner did not timely commence it, since the Sheriff was served only with *a notice of petition* within the applicable four-month Statute of Limitations. Contrary to the petitioner's contention, in order to commence a proceeding pursuant to CPLR article 78, service of a petition together with the notice of petition was required *(see,* CPLR 7804 [c]; *Matter of Lebow v Village of Lansing Planning Bd.,* 151 AD2d 865; *Board of Trustees v Commissioner of Educ. of State of N. Y.,* 40 AD2d 239, 241, *affd* 33 NY2d 601; *Matter of Town of Montgomery v Olley,* 42 Misc 2d 906, 907; *see also, Matter of Sipala v Zoning Bd. of Appeals,* 2 Misc 2d 1048). CPLR 304, which provides, in pertinent part, that "[a] special proceeding is commenced and jurisdiction acquired by service of a notice of petition" must be read together with CPLR 7804 (c), the specific provision dealing with the time for service of the notice of petition in a CPLR article 78 proceeding, which

provides, in pertinent part, that "a notice of petition, together with the petition and affidavits specified in the notice, shall be served on any adverse party at least twenty days before the time at which the petition is noticed to be heard" *(see,* CPLR 7804 [c]; 403 [b] [dealing, in pertinent part, with the time for the service of notice of petition in a special proceeding, in general]). The petitioner contends that the only operative language in CPLR 7804 (c) relates to the fact that the notice of petition and petition must be served a certain number of days before the time at which the petition is noticed to be heard. However, the first phrase, that the notice of petition is to be served together with the petition and affidavits specified in the notice, was also meant to be operative *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C103:2, at 15; C7804:3, at 505; 3 Carmody-Wait 2d, NY Prac § 24:4, at 657; Siegel, NY Prac § 553, at 770 [Handbook 1978], and at 144 [1987 Supp]; Legislative Studies and Reports, McKinney's Cons Laws of NY, Book 7B, CPLR 403, at 637 [1990], citing to Third Report to Legis from Advisory Comm on Practice and Procedure, 1959 NY Legis Doc No. 17, at 156).

In the analogous situation of the commencement of an action by service of a summons upon the Sheriff, CPLR 304 provides, in relevant part, that the service of a summons is sufficient to commence an action and confer jurisdiction. However, CPLR 305 (b) specifically provides that if the complaint is not served with the summons, the summons shall contain or have attached thereto a notice. Thus, it has been held that service upon the Sheriff pursuant to CPLR 203 (b) (5) of a summons without a notice or a without a complaint, followed by service of the summons and complaint within the 60-day period, is not sufficient to commence the action *(see, Kaplan v Manoli,* 100 AD2d 928, *affd* 64 NY2d 849; *Frerk v Mercy Hosp.,* 99 AD2d 504, *affd* 63 NY2d 635; *see also, Parker v Mack,* 61 NY2d 114 [CPLR 304 must be read together with the requirements of CPLR 305]). In addition, in the recent 1989 enactment of CPLR 312-a, regarding personal service of process by mail, the Legislature has clearly delineated the process that must be served in order to commence an action or special proceeding, by stating that "[a]s an alternative to the methods of personal service * * * a summons and complaint, or summons and notice, or *notice of petition and petition* may be served by the plaintiff * * * by mailing to the person or entity to be served * * * a copy of the summons and

complaint, or summons and notice or *notice of petition and petition"* (CPLR 312-a [a] [emphasis supplied]).

With regard to the petitioner's remaining claims, its notice of petition cannot be deemed the equivalent of a summons with notice, since the "analogy to the alternative format set forth in CPLR 305 (b) for commencement of an action via service of a summons with notice is simply inapposite here" *(Matter of Lebow v Village of Lansing Planning Bd., supra,* at 866), and its notice of petition cannot be deemed the functional equivalent of a petition itself since it contains only the relief requested without any supporting facts *(cf., Matter of Board of Educ. [Half Hollow Hills Teachers Assn.],* 79 Misc 2d 223).

Accordingly, the judgment appealed from is affirmed.[2]

KOOPER, J. P., HARWOOD and BALLETTA, JJ., concur.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

---

2.  Contrary to the Nassau County respondents' contention, we do not find that dismissal of the petitioner's appeal is warranted because the petitioner did not reproduce in its record on appeal certain exhibits which are totally irrelevant to the appeal *(see,* 22 NYCRR former 670.26 [now 670.22]).