■ AMERICAN REALTY Co., Appellant, v 64 B VENTURE, Respondent. 64 B VENTURE, Counterclaim Plaintiff-Respondent, v AMERICAN NURSING HOME, Counterclaim Defendant-Appellant.—Order and judgment (one paper), Supreme Court, New York County (Myriam J. Altman, J.), entered January 24, 1991, which (1) granted in part the motion for summary judgment by defendant/counterclaim plaintiff, and (2) dismissed all affirmative defenses and counterclaims asserted by plaintiff and by counterclaim defendant, unanimously affirmed, with costs.

Plaintiff commenced this declaratory judgment action to determine whether it had properly exercised its option to renew the lease. Defendant/counterclaim plaintiff was the original lessee, which subsequently became landlord pursuant to an assignment. Plaintiff succeeded as tenant pursuant to a lease for 21 years, which contained an option to renew for three successive 21 year terms. Counterclaim defendant is the subtenant. By letter agreement dated January 27, 1970, plaintiff unconditionally assigned its right to exercise the renewal option to four individual assignees.

Plaintiff now contends that after the execution of the assignment agreement, paragraph 4 thereof, which concerns the consent of the landlord to the assignment, was deleted without plaintiff's knowledge or consent. Plaintiff submitted no proof in support of this contention other than a statement by its limited partner which was denied by defendant/counterclaim plaintiff. Other documentary evidence was submitted includ-

ing an affidavit which conceded that plaintiff had assigned its renewal rights. Moreover, by a separate agreement dated the same day, the landlord consented to the assignment. Where, as here, issues were "not genuine, but feigned", it was not improper to resolve questions of credibility on a motion for summary judgment *(Consolidated Edison Co. v Jet Asphalt Corp.,* 132 AD2d 296, 299-300).

The court also correctly found that plaintiff had not validly exercised any purported right to renew the lease as said notice of renewal did not comply with the terms of the lease but was sent to the predecessor tenant rather than the landlord. An election to renew must be timely, definite, unequivocal and strictly in compliance with the lease term *(J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392, 396). Even if the right to renew existed, it was not validly exercised.

As termination of the primary lease likewise terminates the sublease *(World of Food v New York World's Fair 1964-1965 Corp.,* 22 AD2d 278, 281), the court properly dismissed the claim of counterclaim defendant for unjust enrichment, as the consequences of the termination of the sublease cannot be attributed to defendant/counterclaim plaintiff. The court also properly found that neither the New York State Department of Health nor the assignees of the options were necessary parties (CPLR 1001), as the judgment would not have affected the Commissioner and as the assignees could have intervened if they believed their interests were not adequately protected (CPLR 1013, 1012 [a] [2]). In fact, two of said assignees submitted affidavits. The court also properly refused to grant counterclaim defendant pre-trial discovery as an impermissible "fishing expedition" *(Kennerly v Campbell Chain Co.,* 133 AD2d 669, 670). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.