In the Matter of GOOD SHEPHERD-FAIRVIEW HOME, INC., Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents.

Third Department, November 14, 1991

APPEARANCES OF COUNSEL

*Tobin & Dempf (David A. Ruffo* of counsel), for appellant.

*Robert Abrams, Attorney-General (Cynthia F. Kruesi* and *Nancy A. Spiegel* of counsel), for respondents.

## OPINION OF THE COURT

HARVEY, J.

Petitioner is the owner and operator of a licensed not-for-profit residential health care facility which provides care for Medicaid patients. When petitioner entered the Medicaid program in 1966, it cared for patients in a 19th century wood-frame building (hereinafter the HRF building) which, for depreciation purposes, was assigned a value of $551,720 and assigned a useful life of 30 years. Accordingly, petitioner's per diem Medicaid reimbursement rate included an annual allowance of $18,391 for depreciation for the HRF building. Subsequently, in 1980, following construction of a new wing, petitioner demolished the HRF building because it did not comply with Department of Health (hereinafter DOH) codes regarding fire resistant construction. Petitioner also suggests that the HRF building was demolished because it was a fire hazard to the surrounding buildings. The patients from the HRF building were moved to the new wing and the costs of the new facility were factored into the Medicaid reimbursement rate. Petitioner stopped receiving, however, the $18,391 depreciation expense on the now-demolished HRF building.

Petitioner filed administrative appeals for the years 1980 through 1989 seeking, *inter alia,* continued reimbursement for the undepreciated value of the demolished HRF building amortized over the remaining useful life of the building. Petitioner's request for a hearing on the issue was denied because there were allegedly no factual issues presented. Petitioner's rate appeals were ultimately rejected and, subsequently, petitioner commenced this CPLR article 78 proceeding to challenge these determinations. Following joinder of issue, Supreme Court dismissed the proceeding finding, *inter alia,* that DOH made a specific finding pursuant to 10 NYCRR 86-2.17 (a) that the demolition of petitioner's building was not related to patient care and, therefore, the future depreciation was not an allowable cost under that regulation. This appeal by petitioner followed.

Initially, petitioner contends that the determinations denying it reimbursement for the undepreciated value of the

demolished HRF building violated DOH regulations. Upon review of the record and the applicable regulations, we must agree with this assertion.

Notably, 10 NYCRR subpart 86-2 sets forth a framework for determining a residential health care facility's allowable costs for Medicaid reimbursement purposes. Of special significance is the mandate that "[t]o be considered as allowable in determining reimbursement rates, *costs shall be properly chargeable to necessary patient care*" (10 NYCRR 86-2.17 [a] [emphasis supplied]). This regulatory provision goes on to state that, in the absence of other DOH regulations or a specific determination by respondent Commissioner of Health, Federal Medicare regulations should govern the assessment of allowable costs *(id.; see also, Matter of Eden Park Mgt. v Axelrod,* 152 AD2d 844, 845; *Matter of Hudson Val. Nursing Center v Axelrod,* 130 AD2d 862, 864-865). While State regulations do not address the question of whether the undepreciated value of a demolished building is an allowable cost, Federal Medicare regulations do generally allow depreciation expenses for demolished or abandoned buildings as long as the demolition or abandonment is consistent with the health systems plan *(see,* 42 CFR 413.134 [f] [5]). Additionally, to support its arguments, petitioner points to instances where DOH has allowed such reimbursement for demolished buildings by other residential health care facilities. In particular, petitioner points to the Fourth Department case of *Matter of Beechwood Sanitarium v Axelrod* (113 AD2d 1007) where, citing Federal regulations, the court held that the amortized portion of a demolished building was an allowable cost for Medicaid purposes.

In response, respondents concede in their brief that if the Federal Medicare regulations were applied in this case, petitioner would be entitled to reimbursement for future depreciation on the demolished building. However, respondents argue, and Supreme Court agreed, that Federal regulations need not be looked at here because there was allegedly a "specific determination" by the Commissioner pursuant to 10 NYCRR 86-2.17 (a) to exclude the requested depreciation because the demolition of petitioner's building was reportedly not related to patient care. Specifically, respondents contend that although amortized depreciation of a demolished building can be a possible reimbursable expense, the facts and circumstances of petitioner's case did not allow such reimbursement. According to respondents, they allowed the depreciation expenses for demolished buildings owned by other facilities because those

demolitions were necessary for patient care while the demolition of petitioner's building was not.*

While respondents' arguments are certainly compelling, unfortunately the record does not support their contention that any factual determination pertaining to the demolition of petitioner's building and its relation to patient care was ever made. For instance, one of DOH's original determinations stated in one place that "it is [DOH's] position that the undepreciated value of the razed building is not an allowable expense for Medicaid reimbursement purposes". This statement was echoed again in substantially the same form in another determination denying petitioner's rate appeal. Upon administrative appeal of these determinations it was concluded that: "depreciation is treated as an allowable cost only while the plant and nonmoveable equipment are in use in the Medicaid program. [DOH] ceases depreciation reimbursement when the plant and nonmoveable equipment are no longer available for use by the Medicaid program. Consequently, the depreciation applicable to the demolished HRF building has been properly excluded from the provider's Medicaid rate."

Significantly, as these excerpts demonstrate, no mention was made at the administrative level of the relationship between the demolition and patient care as a reason for denying the reimbursement expense. In fact, petitioner was denied a factual hearing at the administrative level and was therefore hindered from presenting proof on the question of whether the demolition of their building was related to necessary patient care. In a letter denying the existence of any factual disputes, the Administrative Law Judge stated: "The sole item in this appeal concerns capital depreciation. This item of appeal presents no justiciable issue of fact. Rather, the facility is challenging the rate setting methodology". As this language clearly indicates, petitioner's appeal was denied on the straightforward ground that reimbursement allowance was not permissible for depreciation of a demolished building. It was not, as respondents now contend, a conclusion arrived

---

* While not directly addressing petitioner's contention that the *Matter of Beechwood Sanitarium v Axelrod (supra)* reimbursement question was decided exclusively by resorting to Federal Medicare regulations, respondents do assert that the underlying reason for the depreciation allowance in that case was the fact that the building had to be torn down to make way for a new sanitarium and was therefore related to patient care. Respondents acknowledge that these facts are not fully discussed in the Fourth Department's decision but were nevertheless important.

at after a review of all relevant facts. Accordingly, this determination was clearly irrational and Supreme Court erred in failing to annul it.

In sum, it is apparent from respondents' submissions that they seem disinclined to follow Federal Medicaid regulations on this point, have failed to adopt regulations of their own, and appear committed to the concept of determining issues such as this on a case-by-case basis even though the record does not support their contention that such a factual determination by the Commissioner was made.

MAHONEY, P. J., CASEY, MIKOLL and LEVINE, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, determination annulled and matter remitted to respondent Commissioner of Health for further proceedings not inconsistent with this court's decision.