■ 64 B VENTURE, Appellant-Respondent, v AMERICAN REALTY Co. et al., Respondents-Appellants.

While we agree with the IAS court's determination that a six month stay of the warrant of eviction was appropriate in order to afford respondent nursing home a reasonable opportunity to obtain other suitable premises, it was an improvident exercise of the court's discretion to leave open the possibility of a further extension. As this court had occasion to remark in determining that a five month stay of eviction was unreasonably long, "Stays granted should not be for an eternity." *(Matter of MacLeod v Shapiro,* 20 AD2d 424, 428.) Inasmuch as respondent's lease expired on January 31, 1991 and the stay of execution was granted more than six months ago, a prudent tenant in respondent's position should have immediately started planning and effecting its relocation.

As to the other issues before the court, it was not error to award interim use and occupancy *(see, Beacway Operating Corp. v Concert Arts Socy.,* 123 Misc 2d 452), particularly in view of the directive that, pending receipt of the Referee's report on reasonable use and occupancy, respondent nursing home pay use and occupancy in the last amount of rent due under the expired lease, plus an additional 20% to be held in escrow. The court also properly refused to appoint an interim receiver to operate the nursing home, there being no evidence that the patients need protection of that kind *(see, People v Abbott Manor Nursing Home,* 70 AD2d 434, *affd* 52 NY2d 766).

There were also no issues of fact requiring a trial, petitioner's right to repossession having been determined in the prior declaratory judgment action *(American Realty Co. v 64 B Venture,* 176 AD2d 226, *lv denied* App Div, 1st Dept, Dec. 3, 1991), and the arguments raised herein thus being barred by the doctrine of res judicata *(Eidelberg v Zellermayer,* 5 AD2d 658, 663, *affd* 6 NY2d 815). The claim to a right of first refusal is similarly barred, since this issue could have been litigated in the declaratory judgment action *(O'Brien v City of Syracuse,* 54 NY2d 353, 357). Further, any oral offer of a right of first refusal is barred by the Statute of Frauds *(Kaplan v Lippman,* 75 NY2d 320, 325). And, because of their active involvement in the prior action, respondents waived any right they might have had to arbitrate *(De Sapio v Kohlmeyer,* 35 NY2d 402). The IAS court also previously determined that the Commissioner of Health was not a necessary party and pertinently noted that he had been properly notified of this holdover proceeding as required by 10 NYCRR 600.2 (d). Likewise, it was within the IAS court's discretion to deny a stay pending appeal of the prior action if, in its view, which was borne out

by our subsequent decision *(American Realty Co. v 64 B Venture, supra)*, respondents failed to show sufficient merit to that appeal (CPLR 5519 [c]; *Application of Mott*, 123 NYS2d 603, 608). Finally, as termination of a primary lease terminates a sub-lease *(World of Food v New York World's Fair 1964-1965 Corp.*, 22 AD2d 278, 281), the court properly dismissed the counterclaim for unjust enrichment by the nursing home against petitioner-landlord. Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Asch, JJ.