■ In the Matter of PEDRO LAUREANO, Appellant, v JOHN J. GRIMES, as New York City Police Department Assistant Deputy Commissioner of Civil Matters, Respondent.

At issue here is the denial of petitioner's request under the Freedom of Information Law (Public Officers Law art 6; FOIL) for copies of the memo book entries made by New York City police officers who first arrived at the scene and investigated two armed robberies committed on May 22 and April 7, 1984, his focus being upon the descriptions, if any, of the alleged perpetrators given by the victims and recorded by the officers. Petitioner's interest in these documents is more than casual, inasmuch as he was convicted of participation in these crimes and is presently incarcerated. Following his administrative appeal to respondent assistant deputy police commissioner, the latter rejected the request citing various exceptions to the duty of disclosure contained in FOIL. Thereupon petitioner commenced this article 78 proceeding to enforce his request.

In a brief memorandum the IAS court dismissed the petition on the ground that it was barred by the applicable four-month statute of limitations (CPLR 217) and that "[t]he court cannot find the agency's determination either arbitrary or capricious." Finding error in both these determinations, we reverse.

In our view, the agency's letter of April 21, 1988, being the final negative determination of the agency addressed to the memo book request, triggered commencement of the four-month limitation period. By filing his petition with the Clerk on July 19, 1988, petitioner both initiated the proceeding and obtained a 60-day extension for effecting service of process beyond the basic limitation period (which expired August 21) to October 20, 1988 (CPLR 203 [b] [5]). Since the order to show cause herein issued on October 11 and was served on October 14, 1988, the proceeding was timely commenced. Following other courts which have considered the question, we hold that CPLR 203 (b) (5) applies to article 78 proceedings (*Treadway v Town Bd.*, 163 AD2d 637; *Matter of Medina v Perales*, 138 Misc 2d 1010; *cf., Matter of Long Is. Citizens Campaign v County of Nassau*, 165 AD2d 52).

The IAS court also erred in reviewing the agency's rejection of the request under the "arbitrary and capricious" standard. As stated in *Matter of Capital Newspapers Div. v Burns* (109 AD2d 92, 94, *affd* 67 NY2d 562), "Thus, on the issue of whether a particular document is exempt from disclosure under the Freedom of Information Law, the oft-stated standard of review in CPLR article 78 proceedings, i.e., that the agency's determination will not be set aside unless arbitrary or capricious or without rational basis, is not applicable.

Rather, the person resisting disclosure must prove entitlement to one of the exceptions".

In resisting disclosure, respondent asserted, and the IAS court concurred, that the memo book entries fell within the exemption provisions of Public Officers Law § 87 (2) (e) (iii), which exempts records compiled for law enforcement purposes which, if disclosed, would "identify a confidential source or disclose confidential information relating to a criminal investigation".

We disagree that in asserting this exemption, as he did, in the most conclusory terms, respondent carried his burden of proof *(see, Matter of Buffalo Broadcasting Co. v New York State Dept. of Correctional Servs.,* 155 AD2d 106, 112). Since respondent never asserted that the persons who may have furnished statements to the police were promised confidentiality, the exemption does not apply *(Cornell Univ. v City of N. Y. Police Dept.,* 153 AD2d 515, *lv denied* 75 NY2d 707; *Matter of Faulkner v Del Giacco,* 139 Misc 2d 790; *Matter of Brownell v Grady,* 147 Misc 2d 105). Moreover, even if there had been any expectation of confidentiality at the time the statements were given, it has been lost, since these witnesses later testified against petitioner at trial *(Matter of Moore v Santucci,* 151 AD2d 677).

We have examined respondent's other exemption claims and find them without merit.

We direct that the IAS court retain jurisdiction of this matter, in case the need arises to consider the *bona fides* of any further claim by respondent that the memo book entries are unavailable for production, or to provide other and further relief consistent with this order. Concur—Rosenberger, J. P., Wallach, Ross and Smith, JJ.