■ S. TOEPFER, INC., Respondent, v THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, Subscribing Lloyd's Jewelers Block Policy No. 810/2JB8801250 et al., Appellants.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered March 1, 1991, which, to the extent appealed from, denied the defendants' motion to dismiss the action as barred by the Statute of Limitations, unanimously affirmed, with costs.

This is an action brought to recover the proceeds of a jewelers block policy of insurance issued to plaintiff by defendant Underwriters at Lloyd's, London (Lloyd's) and an excess policy issued to plaintiff by Member Companies of the Institute of London Underwriters (Member Companies). The action grew out of an alleged kidnapping which occurred on November 1, 1988. Plaintiff alleges that following the kidnapping of

its president, Howard Toepfer, said president was forced to telephone plaintiff to direct that diamonds and money be placed in a trash receptacle near plaintiff's office. This was done. Subsequently, defendants disclaimed coverage and this action followed.

Defendants moved to dismiss the action on the grounds that it was barred by a limitations provision in the insurance policies (Paragraph 19) which required "any claim under this Policy * * * [to] be commenced within twelve (12) months next after discovery by the Assured of the occurrence which gives rise to the claim".

The motion court found and we agree that the action was timely commenced pursuant to CPLR 203 (b) (5) (i). It is undisputed that several extensions of time in which to commence an action were given by the defendants, the last extension until July 6, 1990. On June 25, 1990, prior to the expiration date agreed to by defendants, plaintiff filed a summons with the County Clerk. CPLR 203 (b) (5) (i) provides that the action is commenced by delivery to the County Clerk if the summons is served on the defendant within 60 days after such delivery. Here it is undisputed that service was made on August 23, 1990, within the 60 day limit.

The contention by the defendants that no extension of time pursuant to CPLR 203 (b) can be provided where there is a limitations period in a contract is rejected. In *Berkshire Life Ins. Co. v Fernandez* (71 NY2d 874, 876 [1988]) the Court of Appeals stated: "We long ago held that the predecessor to CPLR 203 (Code Civ Pro § 399) was applicable to limitations periods provided by contract, including those required by statute to be contained in insurance policies *(see, Hamilton v Royal Ins. Co.,* 156 NY 327)."

Accordingly, we affirm the order of the motion court. Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.