■ In the Matter of HELEN LETTKO et al., Appellants, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [600 NYS2d 364] —Mahoney, J. Appeal from a judgment of the Supreme Court (Travers, J.), entered May 27, 1992 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as untimely.

In 1990, respondent Upper Hudson Planned Parenthood (hereinafter UHPP) applied to respondent Department of Health (hereinafter DOH) pursuant to Public Health Law article 28 for approval to add abortion services at its facility in the City of Troy, Rensselaer County. While various public meetings were held in connection with the application review process whereat petitioner Helen Lettko, a Troy resident, and petitioner Mary Christa Cummings, a resident of the adjacent City of Watervliet, Albany County, among others, voiced opposition, ultimately the application was approved. Conditional approval issued from DOH's central office in Albany on December 20, 1990. Thereafter, UHPP submitted the requested documentation required for final approval to both DOH's central office and the Troy regional office. By letter dated January 29, 1991, DOH's regional office advised UHPP that its submissions satisfied the required conditions and that it could "proceed to initiate the operation of abortion services at the Troy site, effective January 29, 1991". The letter further provided that pending receipt of a revised operating certificate, "this letter constitutes your authorization to pro-

vide this new service in Troy". A subsequent February 4, 1991 letter from DOH's central office confirmed that all conditions were met effective January 29, 1991.

Contending that DOH failed to comply with the procedures set forth in Public Health Law § 2803 and 10 NYCRR part 710 before issuing approval of the application, on May 29, 1991, exactly four months after issuance of the January 29, 1991 letter, petitioners delivered a copy of the notice of petition and petition for CPLR article 78 relief to the Albany County Sheriff. Respondents actually were served on May 30, 1991 and thereafter moved to dismiss the petition on grounds of untimeliness and lack of standing. Supreme Court agreed that the proceeding was untimely, reasoning that the Statute of Limitations accrued on January 29, 1991, expired on May 29, 1991 and that the 60-day extension contained in CPLR 203 (former [b] [5]) (as amended by L 1992, ch 55, § 395; ch 216) achieved by delivering a copy of the process to the Sheriff was inapplicable to CPLR article 78 proceedings. Because of this conclusion, the court did not reach the issue of standing. Petitioners appeal. We affirm, but for reasons other than those stated by Supreme Court.

On the issue of timeliness, we agree with Supreme Court that the January 29, 1991 DOH regional office letter, not the February 4, 1991 correspondence, constituted the final and binding determination on this matter within the meaning of CPLR 217 and cases construing it *(see, Bitondo v State of New York,* 182 AD2d 948, 951; *see also, Matter of Owners Comm. on Elec. Rates v Public Serv. Commn.,* 76 NY2d 779, *revg on dissenting opn below* 150 AD2d 45; *Matter of Edmead v McGuire,* 114 AD2d 758, 759, *affd* 67 NY2d 714). Accordingly, we likewise agree that the four-month limitation period began to run on January 29, 1991 and expired on May 29, 1991, thus rendering the instant proceeding untimely absent applicability of CPLR 203 (former [b] [5]) *(see,* General Construction Law § 30; *Beechwood Sanitarium v Axelrod,* 79 AD2d 1084, *lv denied* 54 NY2d 601, *appeal dismissed* 454 US 959). On this subject, however, we disagree with Supreme Court's finding that petitioners are not entitled to the benefit of this statutory extension.

Initially, it is to be noted that due to the recent changes in the manner of commencing civil actions and proceedings in the Supreme and County Courts (L 1992, ch 216), the CPLR 203 (b) tolls are no longer available for cases, such as CPLR article 78 proceedings, which are commenced in those courts *(see generally,* Alexander, Practice Commentaries, McKinney's

Cons Laws of NY, Book 7B, CPLR C203:2A, 1993 Pocket Part, at 14). Accordingly, this issue largely is of historical interest only except in those few remaining cases such as this which were commenced prior to the effective date of the 1992 amendments. Nonetheless, following other courts which have had occasion to address this subject, including prior dictum from this court *(see, Treadway v Town Bd.,* 163 AD2d 637), we find that the 60-day extension provided for in CPLR 203 (former [b] [5]) does and should apply to CPLR article 78 proceedings in general *(see, Matter of Shumsky v New York City Loft Bd.,* 192 AD2d 350; *Matter of Laureano v Grimes,* 179 AD2d 602, 603; *Matter of Long Is. Citizens Campaign v County of Nassau,* 165 AD2d 52; *Matter of Medina v Perales,* 138 Misc 2d 1010). In so doing we note that our prior decision in *Matter of Zaretski v Tutunjian* (133 AD2d 928), because it involved an Election Law proceeding and the brief Statutes of Limitation associated therewith, is factually and legally distinguishable *(see, Matter of Long Is. Citizens Campaign v County of Nassau, supra,* at 55).

While we thus conclude that the proceeding was timely, in our view an affirmance nonetheless is in order on the ground that petitioners lack standing. Initially, we observe that contrary to petitioners' assertions, our prior decision in *Matter of Roman Catholic Diocese v New York State Dept. of Health* (109 AD2d 140, *revd on other grounds* 66 NY2d 948) is not supportive of their standing claim. In that case, also involving a challenge to DOH's approval of a health clinic's application to expand its services to include abortions, we found that standing expressly was conferred by Federal statute, i.e., the National Health Planning and Resources Development Act of 1974 (42 USC § 300k *et seq.).* As pointed out by DOH, however, that act was repealed effective January 1, 1987. Obviously, this fact renders the reasoning of that case inapplicable to this situation and precludes petitioners from predicating standing on that basis. As a result, and inasmuch as our attention has been directed to no other applicable statute which confers standing in this situation, petitioners must satisfy the traditional two-part standing test, i.e., they must show "that the administrative action will in fact have a harmful effect on the petitioner and that the interest asserted is arguably within the zone of interest to be protected by the statute" *(Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9; *see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433; *Matter of Fritz v Huntington Hosp.,* 39 NY2d 339, 346; *Matter of Sheehan v Ambach,* 136 AD2d 25, *lv denied* 72 NY2d 804;

*Arnot-Ogden Mem. Hosp. v Guthrie Clinic,* 122 AD2d 413, *lv denied* 68 NY2d 612). Under familiar principles the requirement of injury in fact necessitates that the petitioner demonstrate a legally cognizable interest different from that of the public at large *(see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, supra; Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406; *Matter of Sheehan v Ambach, supra).* Here, however, such an interest is lacking. A review of the record reveals that Cummings alleges no more than she *could* be a possible client at UHPP; Lettko asserts only generalized harm to the immediate neighborhood surrounding the Troy location in which she does not even claim to reside and to the community at large. Both injuries are no different in kind from those of the public in general, and thus are an insufficient basis upon which to predicate standing under prevailing case authority.

Weiss, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.