■ In the Matter of Aaron J. Unger, as Administrator of the Estate of Moses Unger, Doing Business as American Nursing Home, Appellant, v Public Health Council et al., Respondents. [627 NYS2d 137] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Spain, J.), entered August 3, 1994 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition due to petitioner's lack of standing.

Petitioner is the administrator of the estate of Moses Unger, who prior to his death in 1986 was the licensed operator of a nursing home in New York City. From 1970 until 1991, the nursing home was operated—first by Unger and later by petitioner—upon premises subleased from American Realty Company, which in turn leased the property from 64 B Venture Realty Company (hereinafter 64 B). In the forepart of 1991, when the original 21-year lease term ended, a series of court proceedings was instituted to settle the rights of the lease parties. Ultimately, it was held that, due to American Realty Company's prior assignment of its renewal rights or, alternatively, its failure to validly exercise those rights, 64 B was entitled to possession of the premises and, further, that the nursing home's claim against 64 B for unjust enrichment was properly dismissed (see, 64 B Venture v American Realty Co., 179 AD2d 374, lv denied 79 NY2d 757; American Realty Co. v 64 B Venture, 176 AD2d 226, lv denied 79 NY2d 756).

Later in 1991, Cabrini Medical Center (hereinafter Cabrini) paid 64 B $1.9 million, in exchange for 64 B's promise to lease the premises to Cabrini, for a significantly higher rent than had been paid under the former lease, provided Cabrini was able to obtain the necessary licenses from respondents to operate a nursing home. Petitioner vacated the premises in April 1992, after a stay of eviction was lifted by the First Department (see, 64 B Venture v American Realty Co., 179 AD2d 374, 375, supra), but maintains that he could neither close down the nursing home business at that time nor relocate it due to statutory and regulatory restrictions (see, Public Health Law § 2801-a; 10 NYCRR 401.3 [g]). Consequently, petitioner argues, he had no choice but to leave behind the equipment and supplies necessary to operate the facility. It is undisputed that petitioner received no compensation for the

value of the ongoing nursing home operation, nor for the tangible items forfeited.

Thereafter, Jeffrey Frerichs, Cabrini's president, was appointed receiver of the nursing home (see, 64 B Venture v American Realty Co., 194 AD2d 504) and, in March 1993, respondents granted Cabrini's application for establishment approval for the facility, prompting petitioner to commence this CPLR article 78 proceeding seeking annulment of that determination and related mandamus relief. Supreme Court granted respondents' motion to dismiss the petition for lack of standing, and this appeal ensued.

Petitioner maintains that by granting establishment approval and an operating license to Cabrini, respondents effectively revoked the approvals previously held by Unger, and that he should have been accorded a hearing prior to this "revocation" (see, Public Health Law § 2801-a [10] [b]). Relying on this implied revocation, petitioner claims that he was aggrieved by the administrative actions taken, and therefore has standing to challenge them.

We disagree, for while petitioner may have been injured as a result of the aforementioned events, in our view it was petitioner's eviction—which has apparently already been fully litigated—that caused the injury, not the grant of establishment approval or an operating license (see, Matter of Lap v Axelrod, 97 AD2d 583) to Cabrini. Inasmuch as an establishment approval is specific to a particular physical location, and neither it nor an operating license can be of any value to a person who has no site on which to operate, the licenses held by petitioner became valueless when he was divested of all ownership or possessory interest in the property to which they related. As petitioner cannot demonstrate that the Unger estate suffered any injury in fact as a result of the administrative actions at issue, he is without standing to challenge them (see, Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9; Matter of Lettko v New York State Dept. of Health, 195 AD2d 781, 783, lv denied 83 NY2d 754).

With respect to that aspect of the petition which pleads for an order enjoining respondents to consider issuing regulations governing the rights of nursing home operators upon termination of their tenancies, that plea is more appropriately directed to the Legislature, or to respondents in their quasi-legislative capacity, for it involves decisions with respect to the particular means by which a policy is to be implemented, a matter committed to respondents' discretion (see, Village of Herkimer v Axelrod, 88 AD2d 704, 706, affd 58 NY2d 1069).

As petitioner does not have a clear legal right to the relief he seeks in this regard, he may not obtain it by means of a CPLR article 78 proceeding in the nature of mandamus to compel (see, Klostermann v Cuomo, 61 NY2d 525, 539; Matter of Gardner v Constantine, 155 AD2d 823, 825).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.