■ Hubert J. Bryne et al., Respondents, v Michael R. Grant, Appellant, et al., Defendant. [629 NYS2d 854] —White, J. Appeal from that part of an order of the Supreme Court (Williams, J.), entered March 7, 1994 in Schenectady County, which denied defendant Michael R. Grant's motion for summary judgment dismissing the complaint against him.

Plaintiffs allegedly sustained personal injuries on October 23, 1988 when the automobile they were in was involved in a

collision with one owned by defendant Town of Rotterdam and operated by defendant Michael R. Grant, a police officer employed by the Town. Plaintiffs thereafter commenced this negligence action which, after joinder of issue, defendants sought to have summarily dismissed as being barred by the one-year and 90-day Statute of Limitations contained in General Municipal Law § 50-i. Supreme Court denied the motion insofar as it pertained to Grant, prompting this appeal.*

We affirm. At the time this action was commenced, a claim could be interposed by delivering the summons to the Sheriff of the county where the defendant resided provided the summons was served upon the defendant within 60 days of the expiration of the Statute of Limitations (CPLR 203 [b] [5] [i]). The documentary evidence in the record supports the statement by plaintiffs' attorney that plaintiffs complied with CPLR 203 (b) (5) as it shows that the summons with notice was delivered to the Sheriff on January 23, 1990, the last day of the one-year and 90-day period of limitation, and that Grant was personally served on February 2, 1990. The effect of plaintiffs' compliance is that their claim was timely interposed against Grant (see, Berkshire Life Ins. Co. v Fernandez, 71 NY2d 874, 876; Clough v Board of Educ., 56 AD2d 233, 235).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Supreme Court granted the Town's motion for summary judgment dismissing the complaint against it, finding that it had not been properly served. Plaintiffs did not appeal from this aspect of Supreme Court's order.