Orders, Supreme Court, New York County (Richard B. Lowe, III, J.), entered November 18, 2009, which (1) denied defendants Samson and Kashani’s motion to stay the action; (2) denied their joint motion with defendants Greenberg Traurig LLR and Robert J. Ivanhoe to dismiss the action; and (3) granted plaintiffs’ motion for a temporary restraining order (TRO), unanimously modified, on the law, to vacate the temporary restraining order, effective five days from the date of this order, and otherwise affirmed, without costs.
The IAS court properly found that this Court’s May 26, 2009 order staying the proceeding expired by its terms upon the “arbitral determination,” that is, the award by the arbitrators in the California arbitration. Nor did the court abuse its discretion by declining to stay the proceedings pending the defendants’ appeal to the Ninth Circuit of a District Court decision holding that they had abandoned and waived their right to *805 arbitrate the claims at issue here. The District Court’s findings of bad faith and procedural gamesmanship undermine any finding of merit in defendants’ appeal (64 B Venture v American Realty Co., 179 AD2d 374 [1992] [not an abuse of discretion to deny stay pending appeal where appeal did not appear to have merit], lv denied 79 NY2d 757, 757 [1992]).
The motion to dismiss was properly denied. The forum selection clause by its terms only applies to proceedings to enforce the arbitration award; this is a plenary action, albeit factually related to that proceeding. Moreover, while it is true that the transaction and many of the parties are located outside of New York, the facts that three of the defendants reside here, documents relevant to the action are located here, and no defendant has made any showing of burden or inconvenience demonstrate that the IAS court’s retention of jurisdiction was not an abuse of discretion (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474 [1984], cert denied 469 US 1108 [1985]). Nor should this case be barred by the collateral estoppel effect of the arbitration. On the one hand, that portion of defendants’ appeal is rendered moot by the IAS court’s grant of leave to amend the complaint (Miglietta v Kennecott Copper Corp., 22 AD2d 874 [1964]). Were we to reach the merits, we would find that the determinations of the arbitration support, more than preclude, the plaintiffs’ claims here.
However, we vacate the TRO because plaintiffs’ complaint does not state a cause of action for a permanent injunction or otherwise meet the requirements of CPLR 6301 (see Halmar Distribs. v Approved Mfg. Corp., 49 AD2d 841 [1975]). We also note that the record contains material factual issues with respect to the merits of provisional relief. Concur—Gonzalez, P.J., Catterson, Moskowitz, Renwick and Richter, JJ.