■ REDLYN ELECTRIC CORP., Doing Business as LOUIS SHIFFMAN ELECTRIC, Appellant, v LOUIS SHIFFMAN, INC., et al., Respondents. [915 NYS2d 880]—

In an action, inter alia, for a judgment declaring that the plaintiff had validly renewed a commercial lease, the plaintiff appeals from (1) a decision of the Supreme Court, Queens County (Kugelman, R.), dated November 20, 2009, made after a nonjury trial, and (2) a judgment of the same court dated December 8, 2009, which, upon the decision, is in favor of the defendants on their counterclaim and against it in the principal sum of $1,232,967.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is modified, on the law, by adding thereto a provision declaring that the plaintiff did not validly renew the subject commercial lease; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In 1999 the plaintiff and the defendant Louis Shiffman, Inc., entered into a three-year commercial lease with two optional renewal terms. The lease provides that if the plaintiff intended to renew the lease, it was to notify the lessor "of its intentions to exercise such options or by a written notice delivered to Lessor personally or by certified mail return receipt requested, not less than 6 months prior to the end of the term of the lease." In May 2002, the plaintiff commenced this action, inter alia, for a judgment declaring that it had validly renewed the lease and asserting various causes of action. The defendants answered and asserted a counterclaim seeking to recover the fair rental value for the time that the plaintiff remained on the premises after the lease had terminated. Following a nonjury trial, the Supreme Court found that the renewal provision in the lease was not ambiguous because the use of the word "or" in the renewal provision was a scrivener's error, and that the plaintiff had not validly renewed the lease, and awarded the defendants damages on the counterclaim. We affirm.

An election to renew must be timely, definite, unequivocal, and strictly in compliance with the terms of the lease (see J. N. A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392, 396 [1977]; Dan's Supreme Supermarkets v Redmont Realty Co., 216 AD2d 512 [1995]; American Realty Co. v 64 B Venture, 176 AD2d 226, 227 [1991]). Assuming, as the plaintiff contends, that the renewal provision in the lease was ambiguous as to whether oral notice of renewal was permitted, the plaintiff nonetheless failed to establish that it provided the lessor with timely notice of its option to renew within the time limit provided by the lease.

The plaintiff's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the Supreme Court, Queens County, should have included in the judgment appealed from an appropriate declaration in favor of the defendants (see Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.