Jasen, J.
On this appeal we are asked to review the actions of the Board of Education of the Town of Mamaroneck in revising district school attendance zones, resulting in the reassignment of petitioners’ children from ¡the Murray Avenue School to the Mamaroneck School.
The pre-existing school attendance zones had produced a heavy concentration of students in two of the four elementary schools in the Larchmont-Mamaroneck area, while the other two schools in the district had extra classroom space. As a result, a citizens advisory committee, appointed to study the educational needs of the community, recommended, among other things, a redrawing of the school attendance lines in order to cope with the problem of overcrowding by utilizing existing school facilities more efficiently. The board, after further study, submitted its own report, relying largely upon the report of the committee.
One of the considerations in drawing new school attendance lines was the safety of the pupils who would be shifted to new schools. Indeed, the board in its report mentioned the safety factor and that it had requested the village to construct certain sidewalks to alleviate the worst hazards. In addition, the board stated that after safety considerations had been raised, some members of the board personally inspected the available routes and determined that the routes to the redistricted schools were no more hazardous than those currently traveled. The board also received assurances from police and governmental authorities that safety precautions, such as stop signs and traffic guards, would be provided to ameliorate any safety hazards.
The court at Special Term, without hearing any testimony, annulled the board’s redistricting plan and remitted the proceeding to the board ‘ ‘ to take further proceedings in order to provide a record of its findings and the facts upon which they are based, which are susceptible of judicial review.” The court was also of the opinion that the board had adopted the redistricting. plan without any independent investigation or consid *337 eration of its own. The Appellate Division affirmed, without opinion.
The threshold issue in this proceeding is whether the Board of Education had before it sufficient data upon which a discretionary determination could be made and which the court could review for arbitrariness or capriciousness. We conclude that the board, acting in an administrative capacity, had a rational basis for its determination and that its action was neither arbitrary nor capricious.
There can be no question that the Board of Education, by statute, has the power and responsibility to manage and administer the affairs of the school district, including the assignment of pupils to schools therein. The Education Law (§ 1709, subd. 33) specifically grants district school boards power “ To have in all respects the superintendence, management and control of the educational affairs of the district, and * * * all the powers reasonably necessary to exercise powers granted expressly or by implication and to discharge duties imposed expressly or by implication by this chapter or other statutes.”
It cannot be denied that the power to assign pupils to schools within the district is a power that is “ reasonably necessary ” to the management and control of the educational affairs of the district. Moreover, it has been consistently held that, in the assignment of pupils to schools, the Board of Education has broad discretion. (Matter of Addabbo v. Donovan, 22 A D 2d 383, 388, affd. 16 N Y 2d 619, cert. den. 382 U. S. 905; Matter of Balaban v. Rubin, 20 A D 2d 438, 449-450, affd. 14 N Y 2d 193, cert. den. 379 U. S. 881.)
In exercising its discretion, the board was not acting in a quasi-judicial capacity necessitating formal hearings and a record of its findings supported by substantial evidence, but, rather, was acting in an administrative capacity requiring only that the determination have a rational basis. (See Matter of County of Cayuga v. McHugh, 4 N Y 2d 609, 613.) To require a quasi-judicial hearing every time the school board revised school attendance lines would pose serious problems for the administration of our schools.
The record before us is clearly sufficient to demonstrate a rational basis existed for the board’s determination. The fact that a citizens advisory committee was convened and submitted *338 a detailed report, which was largely followed, indicates that the board had a rational basis for its discretionary action and that it had met the requirement that its decision must be an informed one. (See Matter of Taub v. Pirnie, 3 N Y 2d 188, 194-195.) Moreover, the contention that the board relied solely upon the citizens committee report simply is inaccurate. It is uncontroverted that members of the board personally visited the classrooms, held safety discussions with certain village officials, walked the proposed routes, and then made certain modifications in the advisory committee’s plans.
Petitioners’ greatest expressed concern is the safety aspect. In particular, they now contend that since a certain proposed walkway was not constructed by the village, the board should have reconsidered its determination, and having failed to do so, its actions were arbitrary.
To be sure, the board had considered safety factors in arriving at its redistricting plans. The record is replete with uncontroverted evidence that the board devoted much thought to safety problems and adopted the redistricting plan only after concluding that the safety of pupils transferred to new schools would not be impaired. The subsequent failure of the village to construct the proposed walkway does not mandate reconsideration by the board of its determination to revise school attendance lines, since the acceptance of this plan was not solely predicated upon the proposed construction of the walkway. The record reveals that this was just one of many factors considered by the board and that, in any event, the board was of the opinion that the proposed routes to the schools were no more hazardous than the existing paths. Moreover, the failure to construct this walkway can in no way be said to make the board’s action arbitrary or capricious, so as to require further hearings, since we are dealing with a discretionary administrative matter. Even if we assume that a traffic hazard has been created, it is a matter to be handled administratively without voiding the entire plan. Any other conclusion would put serious doubt upon the finality of any administrative action.
Thus, the school board, in adopting new school boundary lines and revising school attendance lines, was acting in an administrative capacity in a matter committed by law to its discretion, and its action was neither arbitrary nor capricious.
*339 The order of the Appellate Division should be reversed and the petition dismissed.
Judges Burke, Scileppi, Bergan, Breitel and Gibson concur; Chief Judge Fuld taking no part.
Order reversed, without costs, and petition dismissed.