OPINION OF THE COURT
 

 Jasen, J.
 

 Presented for our determination on this appeal is the issue whether the Board of Regents may enlist the aid of a review committee when rendering a final determination in a medical misconduct proceeding.
 

 The relevant facts are as follows: By a notice of hearing and statement of charges dated August 31, 1976, it was alleged that petitioner, a duly licensed physician and part owner of a nursing home, was guilty
 
 of
 
 professional misconduct in that he failed to provide six of his patients — all of whom were residents of the health-care facility — with proper medical care. (Education Law, § 6509, subds [2], [9].) Hearings on these charges were held by a committee on professional conduct pursuant to title II-A of article 2 of the Public Health Law.
 
 *
 
 The committee sustained the charges, in whole or in part, as to five of the patients and recommended that petitioner’s license to practice medicine be suspended for a one-year period. The Commissioner of Health recommended total acceptance of the committee’s findings and recommendation, and directed that the entire record of the proceeding be transmitted to the Board of Regents for a final decision and order. (Public Health Law, § 230, subd 10, par [i].)
 

 
 *579
 
 Upon receipt of this matter, the Board of Regents transferred it to a three-person review committee composed of one member of the Board of Regents and two nonmembers. This review committee issued a report accepting the findings of guilt, but, taking a more serious view of petitioner’s misconduct, recommended that his license to practice medicine be revoked rather than suspended for one year. The Board of Regents adopted this recommendation of the review committee and ordered that petitioner’s "license to practice as a physician in the State of New York as well as [petitioner’s] registration to so practice be revoked”.
 

 Thereafter, petitioner instituted the instant CPLR article 78 proceeding contending,
 
 inter alia,
 
 that the findings of negligence and misconduct were not supported by substantial evidence, that the penalty of revocation of his license to practice medicine was excessive, and that the Board of Regents was without authority to refer this matter to a review committee. The Appellate Division, concluding that the Board of Regents acted erroneously in submitting petitioner’s case to the review committee, annulled the determination of the Board of Regents and remitted the matter to the board to assess the charges against petitioner without the assistance of a review committee. In light of its disposition, the Appellate Division did not reach the other contentions raised by petitioner.
 

 Respondents were granted leave to appeal by this court from the order of the Appellate Division pursuant to CPLR 5602 (subd [a], par 2). We now reverse and reinstate the determination of the Board of Regents, and remit this matter to the Appellate Division for consideration of the additional issues not previously reached by that court.
 

 On this appeal, respondents argue that the Board of Regents possesses the authority to refer medical misconduct proceedings to a review committee before the board renders its final determination. To support this contention, respondents cite section 6506 of the Education Law which provides, in pertinent part, as follows: "The board of regents shall supervise the admission to and the practice of professions. In supervising, the board of regents may: * * * (4) Appoint such committees as it deems necessary”. In short, respondents’ position is that the Board of Regents is empowered by statute to refer all matters involving the supervision of the profes
 
 *580
 
 sions to review committees if it deems such action necessary in order to fulfill its supervisory responsibility.
 

 Petitioner contends, however, that the Board of Regents lacks the power to utilize review committees when passing upon a case of professional misconduct involving the medical profession. Specifically, petitioner calls our attention to the provisions of section 6510-a of the Education Law. That section, while providing for final administrative review by the Board of Regents in medical misconduct proceedings, fails to authorize expressly the use of review committees. Petitioner maintains that in the absence of such provision, the Board of Regents is precluded from enlisting the aid of a review committee when rendering a final determination. We do not agree.
 

 Prior to 1975, cases of professional misconduct involving all professionals governed by article 130 of the Education Law— which includes physicians — were processed according to the procedure outlined in section 6510 of the Education Law. That section vested in the Education Department the authority to investigate the complaint and further provided for a hearing before the committee on professional conduct for the medical profession. The transcripts and results of the hearing would be sent to a review committee of the Board of Regents for its consideration. The committee would then issue a written report of its review and transmit such report to the Board of Regents for a final determination.
 

 In 1975, however, the Legislature established a new procedure for processing claims of professional misconduct involving members of the medical profession. (L 1975, ch 109, §§ 28, 29, 31, 32, 37.) Although the bills, as originally introduced, would have divested the Education Department and the Board of Regents of all authority in matters concerning professional medical misconduct (S5007, A6969, A6969-B [198th Session (1975)]), the final bill as enacted into law — while transferring responsibility for prehearing and hearing proceedings from the Department of Education to the Department of Health— retained the Board of Regents as the administrative body vested with the responsibility of ultimately determining the guilt or innocence of the physician and the penalty, if any, to be imposed. (L 1975, ch 109, § 32, adding Education Law, § 6510-a.)
 

 While it is true that the new procedure adopted by the Legislature does not provide expressly for the referral of
 
 *581
 
 professional medical misconduct matters to a Board of Regents review committee (compare Public Health Law, § 230, and Education Law, § 6510-a, with Education Law, § 6510, subd 3), the Board of Regents, in furtherance of its statutory duty to supervise the professions, still possesses the authority to appoint committees if it deems such committees necessary in order to fulfill its statutory obligation. As stated in section 6506 of the Education Law: "The board of regents shall supervise the admission to and the practice of the professions. In supervising, the board of regents may * * * (4) Appoint such committees as it deems necessary”. We believe this section provides more than adequate support for respondents’ position that the Board of Regents may refer, in its discretion, professional medical misconduct proceedings to a review committee if the Board of Regents concludes that such referral would be beneficial or necessary.
 

 Further support for our conclusion. that the Board of Regents may refer matters involving professional medical misconduct to review committees can be discerned from the construction given the recently enacted statutory procedure by the Board of Regents itself. As reported by Regent Emlyn Griffith, Chairman of the Regents Committee on Professional Discipline, at a meeting of the board: "Your committee has concluded that the reports and recommendations of the Commissioner of Health with respect to medical discipline cases should be handled in the same manner as the reports and recommendations of the hearing panels in all other professions. Accordingly, within the statutory time frame, the Regents Committee will have its three-member review committee study the documents and recommendations received from the Commissioner of Health, afford an opportunity to each respondent to appear with counsel before the review committee, and then process its findings and recommendations through the Regents Committee on Professional Discipline to the entire Board for final decision.” (New York State University Journal of Meetings [Board of Regents], June 25-27, 1975, p 652.)
 

 Thus, it is clear that the Board of Regents did not construe the statutory change as divesting the board of its power to refer professional medical misconduct matters to a review committee. Inasmuch as the Board of Regents is charged, by statute, with the responsibility of ultimately passing upon a physician’s guilt or innocence and the penalty to be imposed in misconduct proceedings (Education Law, § 6510-a, subd 2),
 
 *582
 
 its interpretation of the statutory provisions delineating the procedure to be followed should be accorded great weight and accepted by the courts if not unreasonable or irrational.
 
 (Matter of Bernstein v Toia,
 
 43 NY2d 437, 448;
 
 Ostrer v Schenck,
 
 41 NY2d 782, 786;
 
 Matter of Howard v Wyman,
 
 28 NY2d 434, 438.)
 

 Although section 6510-a of the Education Law does not provide expressly for the referral of professional medical misconduct proceedings to a review committee, neither does it expressly prohibit such referrals. In light of the authority granted the Board of Regents to appoint committees (Education Law, § 6506, subd [4]), we now hold that it was reasonable and rational for the Board of Regents to interpret the relevant statutory provisions as permitting the use of referral committees. As a practical matter, any other construction would give rise to a cumbersome procedure for the handling of these cases.
 

 Nor is there any evidence to support petitioner’s contention that the Board of Regents failed to fulfill its duties as set forth in subdivision 2 of section 6510-a of the Education Law. Petitioner does not now argue that the Board of Regents did not have access to the transcript of the proceedings or the findings, conclusions and recommendations of both the Committee on Professional Misconduct and the Commissioner of Health. The mere fact that the Board of Regents may have relied upon the report of its review committee does not, without more, lead inescapably to the conclusion that the Board of Regents failed to exercise independent judgment when determining the guilt of petitioner and the penalty to be imposed for his actions. (See
 
 Matter of Taub v Pirnie,
 
 3 NY2d 188.)
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, the determination of the Board of Regents reinstated and the matter remitted to the Appellate Division, Third Department, for consideration of additional issues not previously considered by that court.
 

 Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order reversed, with costs, the determination of the Board of Regents reinstated and the matter remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein.
 

 *
 

 A committee on professional conduct of the State Board for Professional Medical Conduct consists of four physicians and one layperson. (Public Health Law, § 230, subd 6.)