OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
Appellant operates a municipal hospital and seeks to overturn a determination by the State Department of Health, made pursuant to section 2806 of the Public Health Law, that modified the hospital’s operating certificate, and stipulated that “the interests of the health and welfare of the community will be best served by modifying the operating certificate of the Herkimer Memorial Hospital to provide that it be certified to provide long term care services * * * in lieu of certification as a seventy (70) bed acute care facility”. The thrust of appellant’s principal argument is that the statute is facially unconstitutional as its application violates due process and equal protection. Appellant was empowered by section 126 of the General Municipal Law to establish the subject hospital. The hospital, therefore, is operated as part and parcel of the power delegated by the Legislature to appellant as a political subdivision. Inasmuch as political subdivisions of the State are powerless to challenge the constitutionality of an act of the Legislature that restricts the subdivision’s governmental powers, appellant lacks standing to maintain its constitutional challenge to section 2806 of the Public Health Law (see Town of Black Brook v State of New York, 41 NY2d 486, 488).
Appellant’s other claims have been considered and are found to be without merit.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order affirmed, without costs, in a memorandum.