In the Matter of JAMES D. BOWEN, as Sheriff of Saratoga County, et al., Respondents, v STATE COMMISSION OF CORRECTION et al., Appellants.

Third Department, December 20, 1984

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General* (*Nancy A. Spiegel* and *William J. Kogan* of counsel), for appellants.

*LeRoy T. Walbridge, County Attorney,* for respondents.

### OPINION OF THE COURT

Levine, J.

Petitioners, the County of Saratoga and its Sheriff, brought the instant CPLR article 78 proceeding to annul a determination of the State Commission of Correction (the commission) denying their request for a 90-day variance for the Saratoga County Jail from a commission regulation (9 NYCRR 7040.4 [a]) prohibiting the double-celling of prisoners. There had been two previous such requests for a temporary variance in 1982, the first of which was granted by the commission and the second of which, after an on-site investigation by commission staff, was denied. However, that denial was set aside and the temporary variance was granted by Special Term in a previous proceeding (*Matter of Bowen v State Comm. of Correction,* 118 Misc 2d 792). The commission's appeal from that determination was never perfected. The instant application for a further temporary extension of the previous variances was made by the Sheriff on September 1, 1983. A commission meeting on the request was scheduled for September 30, 1983, during which the commission heard from the same staff person that previously inspected the facility and received her written report of an on-site visit on September 28 and September 29. At the conclusion of the meeting, the commission voted to deny the request and notified the Sheriff of its decision by letter dated October 14, 1983. Once more, petitioners sought judicial review. This appeal followed when Special Term again annulled the commission's denial of the request and granted the variance (124 Misc 2d 592).

 The judgment must be reversed since none of the grounds relied upon by Special Term is sufficient to justify annulment. The first and primary ground invoked by the court was that the commission's failure to give petitioners notice of the September 30 meeting and an opportunity to be heard violated their due process rights. Petitioners' application both before the commission and in the instant proceeding entirely involves their governmental function of operating the Saratoga County Jail. As such, they stand in the position of a political subdivision of the State and cannot claim rights under the Constitution against State action (*Village of Herkimer v Axelrod,* 58 NY2d 1069, 1071). As stated by the United States Supreme Court, "A municipal corporation, created by a state * * * has no privileges or

immunities under the federal constitution which it may invoke in opposition to the will of its creator" (*Williams v Mayor,* 289 US 36, 40 [Cardozo, J.]). Nor did the failure to give notice and to hold a hearing constitute a violation of statute or regulation, since neither is required under the Correction Law or the applicable regulation (9 NYCRR part 7050; see *Matter of Fink v Cole,* 1 NY2d 48, 51-52). The commission, in exercising its discretion to grant or deny the request for a variance, was acting in its administrative and not quasi-judicial capacity and, therefore, no formal hearing or record of its findings was required (*Matter of Older v Board of Educ.,* 27 NY2d 333, 337).

■ Alternatively, Special Term held that annulment was required on the ground that the failure of the commission to give at least one week's public notice of the September 30, 1983 meeting violated the notice requirements of the Open Meetings Law (Public Officers Law, § 99, renum § 104, eff Sept. 1, 1984). The statute, however, only requires a specific period of prior public notice (and then only 72 hours) in the case of meetings scheduled at least one week in advance (Public Officers Law, § 104, subd 1); otherwise, notice of a meeting is to be given "to the extent practicable * * * at a reasonable time prior thereto" (Public Officers Law, § 104, subd 2). Since the uncontested proof was that the September 30 meeting was not scheduled until September 27, and that the requisite public notice was given almost immediately thereafter, there was no basis for finding a violation of the statute here.

■ Next, Special Term held that annulment was required because the commission failed to exercise its independent judgment in arriving at its decision, instead relying entirely on its staff report. The court drew this conclusion from the fact, reflected in the minutes of the September 30 commission meeting, that the deliberations on petitioners' request consumed only five minutes. However, the agency's reliance upon a staff report does not, without more, require the conclusion that it failed to exercise independent judgment (*Matter of Di Marsico v Ambach,* 48 NY2d 576, 582). The commission was well aware of the general conditions at the Saratoga County Jail from the two recent prior applications for a double-celling variance. With such a background of information and experience, the fact that, after receiving an updated report from staff, the commission was able to arrive at a decision with alacrity does not give rise to any inference of impropriety.

Finally, neither the form of the commission's written decision nor the fact that it was not rendered within the time specified under the regulation affected its validity. Nothing prevented the

commission from incorporating and adopting the findings and recommendations of its staff report as a basis for its decision (see *Matter of Di Marsico v Ambach, supra*). Clearly, also, the requirement of the regulation that a written decision be issued within 30 days of receipt of the application for a variance (9 NYCRR 7050.3 [b]) was directory and not mandatory and, therefore, the commission's two weeks' tardiness did not create any infirmity in its decision (see *Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 817-818; *Matter of 400 Delaware Ave. Prop. Co. v State of New York Div. of Housing & Community Renewal,* 105 AD2d __).

Since the record otherwise establishes a rational basis for the commission's determination, it should have been confirmed.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Judgment reversed, on the law, without costs, determination confirmed, and petition dismissed.