OPINION OF THE COURT
David B. Saxe, J.
In the midst of one of the most severe drought emergencies in the history of New York City necessitating the adoption of *867 Stage II Drought Emergency Rules (Stage II Rules) the petitioner, a truck washing business, requests CPLR article 78 relief from a denial of its request for a variance which would permit it to use the city’s water supply for continued business operation. The attack on the denial of the variance is predicated on the assertion that the petitioner was denied a hearing to which it was entitled as a matter of constitutional law, and additionally upon the claim the denial of a variance under the facts presented here was arbitrary and capricious. Both arguments are mistaken; the denial of the variance was proper and the petition is accordingly dismissed.
The essential facts are these: to conduct its business of washing trucks the petitioner sends its workers and its equipment to locations where the companies that use its services park their vehicles and, using New York City water supplied by the company that petitioner is servicing, it washes their fleet of trucks.
On March 22, 1989, New York City declared a drought emergency and imposed Stage II Drought Emergency Rules which bar the washing of vehicles with water from the public water system. The rules provide that a variance may be obtained when: (a) undue hardship would otherwise result; (b) there are no possible alternatives; (c) the applicant will take all possible measures to conserve water; and (d) the variance is not inconsistent with the purpose of the rules.
On April 3, 1989, the petitioner submitted an application for a variance from the rules. It was denied on April 19, 1989; the article 78 proceeding followed. The petitioner points out that on April 7, 1989, Westchester County granted it a variance to power wash the exteriors of homes and that in 1981, when a similar drought emergency was declared, it was granted a variance permitting the use of the New York City water system.
The petitioner argues that it meets the four-pronged test for a variance. First, the claim is made that it will be forced out of business without a variance because customers will be forced to find another service. Secondly, it is contended that there is no feasible alternative because the petitioner does not have the economic resources that would enable it to purchase tanker trucks to ship water. Petitioner argues that it is willing to initiate water conservation methods that could save up to 50% of its water usage and makes the final argument that a variance in this case would save a business which *868 would not be inconsistent with the purpose behind the drought emergency rules.
It must be acknowledged at the outset that a severe drought emergency exists in New York City which necessitates extensive savings of water and that the services petitioner provides is not an essential use of water.
With respect to petitioner’s contention of economic hardship that forms the first prong to the variance test, I note that its bare conclusory allegations of economic calamity is insufficient to annul the determination that was made here (see, L & J Roost v Department of Consumer Affairs, 128 AD2d 677 [2d Dept 1987]). Further, there are alternatives available to the petitioner; it could, for example, use grey or recirculated water, or it could truck water in from Westchester County, charging its customers a premium. After all, petitioners’ New York City customers cannot themselves wash their trucks on their own under the Stage II limitations. With respect to the final prong of the variance test, I can only conclude that conducting a truck washing business, however useful under ordinary circumstance, is hardly consistent with the necessity for water conservation protected by the Stage II Drought Emergency Rules.
Consequently, even accepting as fact the petitioner’s allegation of economic hardship in the absence of a variance, the denial of the variance comports with the application of the four-pronged test set forth in the rules.
Moreover, the variance that the respondent granted to the petitioner under similar circumstances in 1981 bears little weight with regard to whether the challenged denial in the current circumstances is arbitrary and capricious. Certainly, issuance of the 1981 variance, without more, does not render the current denial capricious in any way.
Nor is the lack of a formal hearing an infirmity rendering the challenged determination unconstitutional. First, it should be noted that if the petitioner is being deprived of any property right, that deprivation results not from any action of the respondent, but rather from the enactment of the Stage II Drought Emergency Rules themselves. Even the petitioner does not suggest that it had any right to a hearing prior to enactment of those rules (see, Zubli v Community Mainstreaming Assocs., 102 Misc 2d 320, 333).
The variance provision of the rules states that: "Upon the *869 notarized application of any person or entity, the Commissioner may in his discretion grant a variance”. No hearing is contemplated by the rule, nor is one necessary. A governmental agency acting in an administrative capacity pursuant to a statute granting it powers is not required to hold formal hearings and issue formal findings prior to rendering a determination (see, Matter of Older v Board of Educ., 27 NY2d 333, 337; Matter of Bowen v State Commn. of Correction, 104 AD2d 238, 240).
In sum, the circumstances presented here do not mandate an exercise of discretion by the respondent in favor of the requested variance. Here, there are alternative sources of water and alternative means available to operate the business. The issuance of a variance to the petitioner would afford it a preferential treatment over its competitors. Such a result is contrary to the purpose of the Stage II Drought Emergency Rules in that it would circumvent the city’s effort to deter the use of water for nonessential purpose. The denial of the variance for this cosmetic use of water where alternatives were available was a rational determination.
To the extent that the petition must be viewed, as respondent suggests, as a challenge to the validity of the rules themselves, I note that the fact that the Stage II regulations may make the cost of conducting its business greater, or even make it impossible to continue in business is no reason to invalidate the regulation. (Huggins v City of New York, 126 Misc 2d 908 [Sup Ct, NY County 1984].)
In past drought emergencies, the courts have responded to individual challenges against government conservation efforts by uniformly upholding the government’s right to protect the health and safety of its citizens through emergency regulations and activities. For example, in Caton Dahill Minute Auto Laundry v Carney (196 Misc 947, affd 276 App Div 953 [1st Dept 1950]), the court rejected an application by car wash operators to annul a regulation prohibiting all washing of cars.
Accordingly, no viable challenge can be made with regard to the propriety or constitutionality of the rules in question.
In view of the foregoing, the petitioner’s application is denied and the petition is dismissed.