518

In the Matter of EDWARD ELLISON et al, Appellants, v BOARD OF EDUCATION OF THE THREE VILLAGE CENTRAL SCHOOL DISTRICT et al., Respondents.

Third Department, May 6, 1993

APPEARANCES OF COUNSEL

*Black & Black,* Commack *(Edwin F. Black* of counsel), for appellants.

*Pelletreau & Pelletreau,* Patchogue *(Vanessa M. Sheehan* of counsel), for Board of Education of Three Village Central School District, respondent.

*Robert Abrams, Attorney-General,* Albany *(Leslie B. Neustadt* and *Peter H. Schiff* of counsel), for Thomas Sobol, respondent.

**OPINION OF THE COURT**

MERCURE, J.

Petitioners commenced this CPLR article 78 proceeding challenging a final administrative determination that respondent Board of Education of the Three Village Central School District is not required to provide a specially trained nurse to assist petitioners' daughter, a respirator-dependent quadriplegic, at school. Supreme Court dismissed the petition on the merits and petitioners now appeal.

Education Law § 4401 *et seq.* was adopted in order to comply with and complement the Federal program for educating disabled persons, the Individuals with Disabilities Education Act (hereinafter the Act; 20 USC § 1400 *et seq.).* The Act ensures all handicapped or disabled children the right to a "free appropriate public education" (20 USC § 1412 [1]; *see, Irving Ind. School Dist. v Tatro,* 468 US 883, 889), which consists of special education and "related services" (20 USC § 1401 [a] [18]; *see, Irving Ind. School Dist. v Tatro, supra; Detsel v Board of Educ.,* 637 F Supp 1022, 1024, *affd* 820 F2d 587, *cert denied* 484 US 981). "Related services" are in turn defined as: "transportation, and such developmental, corrective, and other supportive services (including speech pathology and audiology, psychological services, physical and occupational therapy, recreation, including therapeutic recreation, social work services, counseling services, including rehabilitation counseling, and medical services, *except that such medical services shall be for diagnostic and evaluation purposes only)* as may be required to assist a child with a disability to benefit from special education, and includes the early identification and assessment of disabling conditions in children" (20 USC § 1401 [a] [17] [emphasis supplied]). At issue in this proceeding is whether the services sought to be provided for petitioners'

daughter, Brooke, constitute medical services required for a purpose other than diagnosis or evaluation and are thus excluded from the definition of "related services" *(see, Irving Ind. School Dist. v Tatro, supra; Detsel v Board of Educ., supra).*

The uncontroverted evidence adduced at a hearing established that as the result of injuries sustained when she was struck by a car, Brooke is paralyzed from the neck down and cannot breathe without the use of a respirator. In order to attend school, Brooke must be accompanied at all times by a specially trained nurse who is required to perform tracheostomy suctioning and urinary catheterization several times each day and must be trained in the mechanics of the respirator and able to do "bagging" during suctioning and in the event of a power failure or mechanical problem with the respirator. Although the school nurse could be trained to perform these functions, if she were to attend to Brooke she would be unable to perform her usual duties. As such, there is no question that an additional nurse would be required, at an estimated cost of $25,000 to $40,000 per year.

Presented with almost identical facts in *Detsel v Board of Educ. (supra),* the Federal District Court for the Northern District of New York upheld a determination of respondent Commissioner of Education disallowing the very same type of in-school nursing services upon the ground that they fell outside the Act's definition of "related services" *(supra; see, Clovis Unified School Dist. v California Off. of Admin. Hearings,* 903 F2d 635). We agree with the District Court's analysis and conclusions. Here, the determination that the services were not "simple school nursing services" *(Detsel v Board of Educ., supra,* at 1027), but were more akin to "medical services" which the School District is not required to furnish, has not been shown to lack a rational basis.

As a final matter, we agree with respondents that Social Services Law § 368-d merely provides a reimbursement mechanism and does not create an independent basis for requiring the School District to furnish Brooke with a nurse. Petitioners' remaining contentions have been considered and rejected.

MIKOLL, J. P., YESAWICH JR. and CREW III, JJ., concur.

Ordered that the judgment is affirmed, without costs.