■ MAX GORDON et al., Appellants, v WILLIAM C. THOMAS et al., Respondents. [623 NYS2d 409] —Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered May 11, 1994 in Washington County, which, *inter alia,* denied plaintiffs' motion to vacate a stipulation of settlement.

Plaintiffs and defendants are the respective owners of adjoining lakefront properties. Following defendants' construction of a fence along the line dividing the properties, plaintiffs brought this action pursuant to RPAPL article 15 for a determination, *inter alia,* that they possessed an easement of access over defendants' property. A few days prior to the scheduled trial, the parties reached an informal resolution of the action and on October 12, 1993, the day fixed for trial, they entered into a formal stipulation of settlement in writing, which they supplemented by a further stipulation on the record in open court. Under the terms of the overall stipulation, plaintiffs were to be allowed access to their property over

an existing roadway and then through a 10-foot opening in the fence, the precise location of which was to be determined by the parties' respective attorneys. Consistent therewith, the attorneys traveled to the properties immediately following the proceedings in Supreme Court and plaintiffs' attorney drove plaintiffs' full-sized automobile down the common roadway located on defendants' property so as to ensure that the location of the fence opening would yield an adequate radius for the turn toward plaintiffs' property. It is undisputed that the opening was made at the location so determined and agreed upon by the parties' attorneys, with the knowledge and consent of the parties.

Subsequently, contending that the location of the fence opening and iron pipes later placed upon defendants' property rendered the situation "unacceptable", plaintiffs moved to vacate the stipulation of settlement. Defendants opposed the motion and cross-moved for an order directing specific performance of the stipulation. Supreme Court denied plaintiffs' motion and granted defendants' cross motion. Plaintiffs appeal.

We affirm. Our review of the record discloses no competent evidence of fraud, collusion, mistake or accident or other cause sufficient to invalidate a contract (see, Hallock v State of New York, 64 NY2d 224, 230). To the contrary, although access to plaintiffs' property may be inconvenient, it is by no means impossible, and it is clear that the parties entered into the stipulation knowingly and willingly, with the assistance of capable counsel and in the absence of any duress or overreaching. Finally, we are not persuaded that there were any unfulfilled conditions subsequent to the stipulation of settlement.

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.