■ In the Matter of ROSLYN UNION FREE SCHOOL DISTRICT, Appellant-Respondent, v UNIVERSITY OF THE STATE OF NEW YORK, STATE EDUCATION DEPARTMENT, et al., Respondents, and F.W. et al., on Behalf of T.W., an Infant, Respondents-Appellants. [711 NYS2d 582] —Rose, J. Cross appeals from a judgment of the Supreme Court (Bradley, J.), entered February 11, 1999 in Albany County, which, *inter alia*, dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent University of the State of New York, Department of Education requiring petitioner to provide transportation services.

Petitioner commenced this CPLR article 78 proceeding and action for declaratory judgment challenging a final administrative determination that it is required to provide transportation home from a privately funded after-school program (hereinafter the private program) for the 10-year-old autistic child of respondents F.W. and S.W. (hereinafter collectively referred to as the parents). That determination arose out of an earlier denial by petitioner's committee for special education of the parents' request that petitioner add the private program to their child's individualized education program (IEP), pay the tuition cost of the program and provide transportation from the program to the child's home two days per week, all pursuant to the Individuals with Disabilities Education Act (*see*, 20 USC § 1400 *et seq.* [hereinafter IDEA]).[1] After the parents requested an impartial hearing, the Independent Hearing Officer (hereinafter IHO) upheld petitioner's decision not to add the program to the child's IEP and its refusal to provide transportation. On the parents' administrative appeal from the IHO's determination, the State Review Officer (hereinafter SRO) annulled that portion of the IHO's determination which denied the child transportation home from the after-school program, but sustained the determination that petitioner did not have to add the program to the child's IEP. When petitioner challenged the SRO's ruling regarding transportation in the

---

1. Pursuant to the child's IEP and at petitioner's expense, the child attends the Genesis School, a private school for autistic children, during the regular school day. Petitioner also provides transportation to and from the Genesis School. On the two days per week when the child attends the private after-school program, petitioner provides transportation to the program rather than the child's home.

present proceeding, the parents cross-petitioned challenging the SRO's ruling regarding their child's IEP. Supreme Court confirmed the SRO's determinations, and dismissed the petition and cross petition. Petitioner and the parents cross-appeal.

The IDEA was enacted, in part, to provide a framework of substantive and procedural rights "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs" (20 USC § 1400 [d]; § 1412 [a] [1]; *see also, Matter of Northeast Cent. School Dist. v Sobol*, 79 NY2d 598, 603; *Matter of Beau II*, 264 AD2d 43, 44-45, *revd on other grounds* 95 NY2d 234). The term "related services" includes transportation and such developmental, corrective and other supportive services "as may be required to assist a child with a disability to benefit from special education" (20 USC § 1401 [22]; *see, Matter of Ellison v Board of Educ.*, 189 AD2d 518, 519). At issue in this litigation is whether the private program in which the parents' child is enrolled constitutes a mandated "related service" and whether petitioner was properly required to provide transportation from that program to the child's home because it provides such transportation for students who attend petitioner's own after-school program, as the SRO held and Supreme Court confirmed.

The parents contend that the private program, tailored as it is to providing recreation for autistic and developmentally disabled children, provides a substantial benefit to their child and that petitioner must provide, directly or indirectly, after-school programs for disabled students because it provides such programs to nondisabled students and then transports those students to their homes. Because the record establishes that petitioner met the child's individualized education needs by placing him in a private school for autistic children during the regular school day, we conclude that the SRO rationally determined that petitioner met its burden of showing that the child's participation in a nonpublic after-school program was not necessary for him to have the free appropriate public education to which he is entitled under the IDEA. Although the parents testified that the private program provided their child with additional socialization skills, there was ample evidence that the child's IEP was appropriate, the child was making progress toward achieving the goals which the IEP had set for him, and he did not require additional services in order to continue to benefit educationally from his IEP (*see, Board of Educ. v Rowley*, 458 US 176, 203). Consequently, the SRO rationally determined that petitioner was not required to

modify the child's IEP to include the private program for the 1996-1997 school year.[2] Based on its finding that this determination had a rational basis, Supreme Court properly dismissed the parents' cross petition.

Petitioner contends that its provision of transportation for the parent's child from the private program to their home is not required under the IDEA and is not authorized by Education Law § 3635, which prohibits the furnishing of more than two trips per day in transporting elementary students. We agree. In his decision, the SRO correctly identified the issue as whether transportation home was part of petitioner's obligation to afford the child equal access to extracurricular activities and services. Although State and Federal regulations require school districts to provide children with disabilities an equal opportunity to participate in offered nonacademic and extracurricular activities (see, 34 CFR 300.306; 8 NYCRR 200.2 [b] [1]; see, e.g., Rothschild v Grottenthaler, 907 F2d 286, 289-290), this obligation does not extend to providing equivalent or alternative transportation simply because petitioner's existing after-school program, for which transportation home is provided, is not suitable for the child's participation (see, Rettig v Kent City School Dist., 788 F2d 328, cert denied 478 US 1005; see also, Board of Educ. v Rowley, supra, at 200).[3]

The parents do not maintain that petitioner was obligated to provide an after-school program of its own that would be appropriate and beneficial for their child, and the record here supports the SRO's determination that petitioner did not exclude the child from its existing extracurricular program. Rather, petitioner offered to modify its program to accommodate the child. While recognizing that school districts need not provide a disabled child with each service made available to children without disabilities (see, Rettig v Kent City School Dist., supra), the SRO incongruously required petitioner to provide transportation home from the private program based on petitioner's provision of transportation home for the chil-

2. We note that the IDEA was amended in 1997 so that the statute and implementing regulations now require a child's IEP to include a specific statement regarding how the child will participate in "extracurricular and other nonacademic activities" (20 USC § 1414 [d] [1] [A] [iii] [II]; see, 34 CFR 300.347 [a] [3] [ii]). However, this requirement was not in place at the time involved here and, as the parents concede, these amendments are not retroactive.

3. The parties do not dispute that petitioner's after-school physical education program is not appropriate, but the parents contest petitioner's claim that its arts and crafts program could be modified to accommodate their child's disabilities.

dren who attend its own after-school program. The SRO mistakenly found that an additional trip was involved here only because petitioner had placed the child in a private school, thus necessitating a trip back from that school to petitioner's district. This erroneous premise led the SRO to conclude: "However, the fact that the [child] has been placed in a private school by [petitioner] may not * * * be used to deny [the child] the late bus service he would receive if he attended [petitioner's] schools."

This ruling was erroneous because the additional trip involved here, from the private program to the child's home, resulted not from the child's placement in another school out of the district, but from the child's participation in the private program at a location different than petitioner's own after-school program. Put another way, the child was not being denied a transportation service which he would have received if he had attended petitioner's school, for even if he were attending the local public school, his participation in the private program at a location removed from petitioner's program was the cause of the additional trip. Under these circumstances, the SRO's determination had no rational or legal basis and should have been annulled by Supreme Court.

Supreme Court's conclusion that there was a rational basis for the SRO's determination was the culmination of its attempt to reach an equitable rather than legal result, a compromise whereby the cost of the private program was effectively divided between petitioner and the parents. Instead of assessing the SRO's reasoning, Supreme Court substituted its own deduction that since transportation home is provided for students in petitioner's after-school programs, similar transportation should be provided for students who are not accommodated in those programs and "forced" to attend private after-school activities. Supreme Court opined that this result was consistent with the IDEA and stated that if Education Law § 3635 were in conflict, it would be preempted by IDEA. However, because petitioner did not deny the child access to its after-school program and was not required by IDEA, or any other statutory mandate,[4] to provide an alternative program which would be more beneficial for the child, it was error to require

4. Although the parents also relied on section 504 of the Rehabilitation Act of 1973 (see, 29 USC § 794 [a]) in asserting their cross petition, neither the SRO nor Supreme Court expressly based its determination on that statute. We note that, as applicable to the particular circumstances presented here, section 504 and its implementing regulations impose essentially the same requirements on petitioner as does IDEA and its implementing regulations.

petitioner to pay a share of the cost of the alternate program chosen by the parents. Moreover, since we find that petitioner's denial of transportation violated none of its then-existing obligations under IDEA, Education Law § 3635 is not in conflict with, or preempted by, the Federal statute.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as denied the petition; petition granted and determination of the State Review Officer is annulled to the extent that it required petitioner to provide transportation; and, as so modified, affirmed.