■ In the Matter of PAWLING CENTRAL SCHOOL DISTRICT, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. [771 NYS2d 572]—

Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Review Officer which ordered petitioner to reimburse respondent parents for the cost of their son's tuition during the 1999-2000 school year.

This proceeding arises out of a challenge to an individualized education program (hereinafter IEP) created in 1999 pursuant to the Individuals with Disabilities Education Act (20 USC § 1400 *et seq.* [hereinafter IDEA]) for a disabled child. While attending first grade at petitioner's elementary school in 1993, the child was classified as learning disabled. The child received special education services from petitioner pursuant to IEPs created by petitioner's committee on special education during the 1993-1994 and 1994-1995 school years. Unsatisfied with their child's progress at school, respondents Steven S. and Yvonne S. (hereinafter collectively referred to as the parents) rejected the 1995-1996 IEP and unilaterally placed the child at Kildonan School, a private school specializing in the education of students with learning disabilities in the decoding or encoding of language. The parents sought review of the IEP and reimbursement from petitioner for the cost of tuition at Kildonan for the 1995-1996 and 1996-1997 school years. At a hearing on the matter, petitioner conceded that it did not have an appropriate placement for the child during the relevant years. Accordingly, an impartial hearing officer directed petitioner to reimburse the

parents for tuition paid. A state review officer dismissed petitioner's subsequent appeal. Thereafter, the child remained at Kildonan and, pursuant to settlement agreements for the 1997-1998 and 1998-1999 school years, petitioner continued to pay tuition.

Subsequently, petitioner recommended that the child return to its school and created an IEP for the 1999-2000 school year, the year at issue in this proceeding. The parents again requested a hearing.[1] An impartial hearing officer ultimately found that the IEP was adequate and, thus, denied the parents' request for reimbursement. Upon the parents' appeal, respondent Frank Munoz, as State Review Officer (hereinafter SRO), concluded that petitioner "failed to meet its burden of proof with respect to the appropriateness of the [IEP]" and ordered petitioner to reimburse the parents for the child's 1999-2000 tuition. Petitioner then commenced this CPLR article 78 proceeding against respondent Department of Education and the SRO (hereinafter collectively referred to as respondents), naming the parents as additional interested parties. Petitioner sought, among other things, annulment of the SRO's decision and an order directing the Department of Education to reimburse it for tuition paid to the parents for the 1999-2000 school year. Supreme Court transferred the proceeding to this Court.

By way of background, we note that the IEP is "[t]he 'centerpiece' of . . . IDEA's educational delivery system," which seeks "to assure that all children with disabilities have available to them . . . a free appropriate public education which emphasizes special education and related services designed to meet their unique needs" (*Murphy v Arlington Cent. School Dist. Bd. of Educ.*, 297 F3d 195, 197 [2002] [citations and internal quotation marks omitted]). Briefly described, an IEP is "a comprehensive statement of the educational needs of a handicapped child and the specially designed instruction and related services to be employed to meet those needs" (*School Comm. of Town of Burlington, Mass. v Department of Educ. of Mass.*, 471 US 359,

---

**1.** A state review officer issued an interim decision in the matter concluding that the pendency placement of the child under the IDEA (*see* 20 USC § 1415 [j]) was Kildonan and that petitioner was required to reimburse the parents for the 1999-2000 school year. The United States Court of Appeals for the Second Circuit ultimately rejected petitioner's challenge to this ruling, reasoning that parents are entitled to have children stay put in their "current educational placement" (20 USC § 1415 [j]) and that the prior administrative determinations regarding the 1995-1996 and 1996-1997 school years established the child's current educational placement as Kildonan (*see Board of Educ. of Pawling Cent. School Dist. v Schutz*, 290 F3d 476, 484-485 [2002], *cert denied* 537 US 1227 [2003]).

368 [1985]; *see* 20 USC § 1401 [11]; § 1414 [d]). Pursuant to 20 USC § 1415, this state has implemented a two-tier system of administrative review of IEPs (*see* Education Law § 4404) in which the appropriateness of a proposed IEP is determined by considering two issues: first, whether the school district complied with the IDEA's procedural requirements and, second, whether the IEP was "reasonably calculated to enable the child to receive educational benefits" (*Board of Educ. of Hendrick Hudson Cent. School Dist. v Rowley*, 458 US 176, 206-207 [1982]).

Here, as an initial matter, we agree with petitioner that its challenge to the SRO's determination that the IEP was inadequate has not been rendered moot. Respondents and the parents assert that any adjudication with respect to the validity of the IEP cannot alter the child's educational placement for that year. They further contend that the decision of the Second Circuit directing petitioner to reimburse the parents for the cost of tuition at Kildonan during the pendency of the proceedings (*see Board of Educ. of Pawling Cent. School Dist. v Schutz*, 290 F3d 476, 484-485 [2002], *cert denied* 537 US 1227 [2003]) forecloses any argument that petitioner is not liable for the 1999-2000 tuition. Petitioner concedes that it has paid the tuition for the 1999-2000 school year pursuant to the pendency provision of the IDEA (*see* 20 USC § 1415 [j]) and does not dispute that it cannot recoup the tuition from the parents even if it succeeds in this proceeding (*see generally Board of Educ. of Pawling Cent. School Dist. v Schutz*, 137 F Supp 2d 83, 92 n 15 [2001], *affd* 290 F3d 476 [2002], *cert denied* 537 US 1227 [2003]). Petitioner argues, however, that it has a continuing interest in establishing that it offered the child a free appropriate public education because a determination in its favor would alter the child's "current educational placement" under the IDEA.

As pertinent here, the IDEA provides that "during the pendency of any proceedings conducted pursuant to this section, *unless the [s]tate or local educational agency and the parents otherwise agree*, the child shall remain in the then-current educational placement of such child" (20 USC § 1415 [j] [emphasis added]). In its interim decision in this matter, the Second Circuit concluded that the parents' successful administrative challenge of the 1995-1996 and 1996-1997 IEPs constituted an implied consent by the state to the child's placement at Kildonan, thus resulting in a change in the child's current educational placement under section 1415 (j) and requiring petitioner to pay the cost of tuition at Kildonan during the pendency of this proceeding (*see Board of Educ. of Pawling*

*Cent. School Dist. v Schutz*, 290 F3d 476, 484-485 [2002], *supra*; *see also* 34 CFR 300.514 [c]). The Second Circuit noted, however, that its "conclusion 'does not mean that [petitioner] must fund [the child's] tuition at Kildonan for the remainder of his education,' but rather that, 'until a new placement is established by either an actual agreement between the parents and [petitioner], or by an administrative decision upholding [petitioner's] proposed placement which [the parents] choose not to appeal, *or by a court*, [petitioner] remains financially responsible' " (*Board of Educ. of Pawling Cent. School Dist. v Schutz*, 290 F3d 476, 484 [2002], *supra*, quoting *Murphy v Arlington Cent. School Dist. Bd. of Educ.*, 86 F Supp 2d 354, 366 [2000], *affd* 297 F3d 195 [2002] [emphasis added]). Accordingly, we agree with petitioner that inasmuch as a decision in its favor rendered by this Court could alter the child's current educational placement for the purpose of 20 USC § 1415 (j)—and petitioner's concomitant responsibility to pay tuition during any challenges to future IEPs—this proceeding is not moot.[2]

Turning to the merits, we conclude that the record supports the SRO's determination that petitioner's IEP was inadequate for the child and that Kildonan was an appropriate placement.[3] Petitioner recognized the child's weakness in both spelling and written expression, recommended written language testing and agreed to contact the parents to make arrangements for such testing. Nonetheless, the tests were never completed and the 1999-2000 IEP—unlike previous IEPs designed for the child— did not contain measurable annual goals in written expression and spelling, fundamental areas in which the child experienced a deficiency (*see* 20 USC § 1414 [d] [1] [A] [ii]). Moreover, although the IEP recommended special education classes in En-

---

**2.** Petitioner avers that the child is no longer enrolled at Kildonan. Nevertheless, if the SRO's determination is upheld, Kildonan is deemed to be the last placement for the student to which the state agreed (*Board of Educ. of Pawling Cent. School Dist. v Schutz*, 290 F3d 476, 484-485 [2002], *supra*) and petitioner concedes that the parents would be entitled to return the child to Kildonan and demand tuition from petitioner.

**3.** With respect to the appropriate standard of review, we note that the Legislature recently amended Education Law § 4404 and CPLR 7803 to provide that, effective September 1, 2003, the vehicle for review of state review officer decisions is a proceeding pursuant to CPLR article 4, instead of CPLR article 78 (*see* L 2003, ch 492). Courts are required to determine the article 4 proceedings on the basis of the preponderance of the evidence (*see id.*). This CPLR article 78 proceeding, however, was commenced prior to September 1, 2003 and, therefore, we will uphold the SRO's decision if it is supported by a rational basis (*see Matter of Northeast Cent. School Dist. v Sobol*, 79 NY2d 598, 606 [1992]; *Matter of Roslyn Union Free School Dist. v University of State of N.Y., State Educ. Dept.*, 274 AD2d 848, 849-850 [2000]).

glish, social studies and science, it did not contain a description of the modifications that the child required in order to progress in those areas or annual goals addressing the child's deficits in the skills necessary to progress in those curriculum areas. Further, petitioner did not consult the parents before recommending an increase in the number of speech and language therapy sessions in the IEP, thereby denying them the opportunity to participate in the development of the IEP (*see* 20 USC § 1415 [b] [1]). Given this evidence, we conclude that the SRO's determination that the IEP was inadequate had a rational basis. In addition, testimony of the dean of Kildonan regarding the child's progress at Kildonan and the technology provided there to assist him with spelling and writing, as well as the child's standardized test scores, provide support for the SRO's determination that Kildonan was an appropriate placement.

The parties' remaining contentions do not warrant extended discussion. We reject petitioner's argument that its due process rights were violated because the SRO issued a decision more than one year after the parents submitted their appeal, despite a time limit of 30 days mandated by the applicable regulations (*see* 34 CFR 300.511 [b]; 8 NYCRR 200.5 [j] [2]). Petitioner, as a school district, "stands in the position of a political subdivision of the State and cannot claim rights under the Constitution against State action" (*Matter of Ruffino v Rosen & Sons*, 142 AD2d 177, 181 [1988], *affd on op below* 74 NY2d 861 [1989]; *see Village of Herkimer v Axelrod*, 58 NY2d 1069, 1071 [1983]).

Similarly misplaced is petitioner's contention that it is entitled to recover from the Department of Education the 1999-2000 tuition paid based upon the SRO's interim decision directing tuition reimbursement. A board of education may seek to recover the cost of educating a student in a private school under certain circumstances and conditioned on the Department of Education's approval of the private school (8 NYCRR 200.6 [i] [2]). Here, petitioner concedes that it was required to use the System to Track and Account for Children (hereinafter STAC) and that the Department of Education denied its STAC request in August 2001 on the ground that Kildonan is not on the state's list of approved schools. Petitioner's argument that the interim decision deeming Kildonan to be the child's current educational placement constituted a de facto approval of Kildonan for purposes of STAC reimbursement is beyond the scope of this proceeding and should have been raised in a timely CPLR article 78 proceeding challenging the denial of the STAC request.

Finally, we note that generally, under the IDEA, "attorneys' fees should be awarded unless special circumstances would

render such an award unjust" (*Matter of Northeast Cent. School Dist. v Sobol*, 79 NY2d 598, 610 [1992]). Accordingly, we must remit the matter to Supreme Court to give the parties an opportunity to submit documentation to assist the court in determining whether any such special circumstances exist here and, if none exist, the precise award due the parents.

We have considered the parties' remaining arguments and conclude that they are meritless.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.