■ In the Matter of Albany County Department of Social Services, Respondent, v Josephine Rossi, Appellant. [850 NYS2d 701]—

Peters, J. Appeal from an order of the Supreme Court (McCarthy, J.), entered June 12, 2006 in Albany County, which,

among other things, in a proceeding pursuant to Social Services Law § 473-c, denied respondent's motion to vacate a stipulation of settlement.

Petitioner commenced this proceeding seeking an order for access to respondent's residence to conduct an assessment as to whether she was a person in need of protective services for adults (*see* Social Services Law §§ 473, 473-c). Ultimately, the parties entered into a stipulation which provided that respondent would bring the outside of her home into compliance with certain sanitary code standards. Respondent agreed to permit petitioner to enter the outside of the residence and to take photos thereof. Almost two months after the stipulation's execution, respondent moved to set it aside alleging, among other things, that she was manipulated, defrauded and misled. Supreme Court denied the motion, prompting this appeal by respondent.

Petitioner asserts that the matter is moot. Even accepting that petitioner has already taken photographs of the outside of respondent's premises, further administrative proceedings against respondent based on the photographs are possible (*see Matter of Pawling Cent. School Dist. v New York State Educ. Dept.*, 3 AD3d 821 [2004]; *Matter of Rukenstein v McGowan*, 273 AD2d 21 [2000]; *Matter of Cross v Selsky*, 271 AD2d 815 [2000]); accordingly, we will address the merits of the dispute.

Contrary to respondent's assertions, Supreme Court properly denied her vacatur request. Stipulations are favored by the courts and are not to be lightly set aside (*see Kelley v Chavez*, 33 AD3d 590 [2006]). In the instant matter, there was no evidence of any fraud, collusion or misrepresentation on petitioner's part (*see Pretterhofer v Pretterhofer*, 37 AD3d 446 [2007]; *Gordon v Thomas*, 213 AD2d 848 [1995]). Nor did respondent's submissions support a finding of duress. We agree with Supreme Court that respondent simply had a change of heart after the fact. In this regard, we note that general contentions that a party felt pressured by the court are insufficient to establish duress (*see Ross v Clyde Beatty-Cole Bros. Circus*, 26 AD3d 321 [2006]). A review of the record makes it clear that respondent entered into the stipulation knowingly and willingly (*see Gordon v Thomas*, 213 AD2d at 849) and that it was reached after extensive negotiations between the parties (*see Kent Acres Dev. Co., Ltd. v City of New York*, 41 AD3d 542 [2007]).

Respondent's remaining contentions have been considered and rejected as lacking merit.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.