In the Matter of BOARD OF EDUCATION OF HICKSVILLE UNION FREE SCHOOL DISTRICT, Appellant, v WILLIAM SCHAEFER, SR., et al., Respondents. [923 NYS2d 579]—

In a proceeding pursuant to Education Law § 4404 (3) to review so much of a determination of the State Review Officer of the New York State Education Department dated June 20, 2008, as annulled so much of a decision of an independent hearing officer dated March 14, 2008, made after a hearing, as determined that the issues raised regarding William Schaefer, Jr.'s 2005/2006 school year were academic, determined that William Schaefer, Jr., was denied a free appropriate public education for the 2005/2006 school year, and directed the petitioner to provide William Schaefer, Jr., with certain additional educational services, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Martin, J.), entered October 30, 2009, which, upon an order of the same court dated March 24, 2009, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Prior to September 2003, state court review of decisions made by a State Review Officer (hereinafter SRO) were conducted according to the provisions of article 78 of the CPLR. In 2003, the Legislature "amended Education Law § 4404 and CPLR 7803 to provide that, effective September 1, 2003, the vehicle for review of [SRO] decisions is a proceeding pursuant to CPLR article 4, instead of CPLR article 78 (*see* L 2003, ch 492). Courts are [now] required to determine the article 4 proceedings on the basis of the preponderance of the evidence (*see id.*)" (*Matter of Pawling Cent. School Dist. v New York State Educ. Dept.*, 3 AD3d 821, 824 n 3 [2004]). Here, as the petitioner points out, the Supreme Court, in an order dated March 24, 2009, erro-

neously denominated this proceeding as a "special proceeding pursuant to Article 78." However, in the same order, the Supreme Court articulated the appropriate standard of review by noting that the petitioner "failed to prove that the SRO's decision and order . . . was not supported by a preponderance of the evidence (Education Law § 4404 [3] [b])."

Further, we agree with the Supreme Court that a preponderance of the evidence supports the SRO's determination that procedural inadequacies relating to certain Committee on Special Education meetings held with respect to the 2005/2006 Individualized Education Program (hereinafter IEP) for William Schaefer, Jr. (hereinafter the student), significantly impeded the opportunity of the student's parents, William Schaefer, Sr. (hereinafter the father), and J.S., to participate in the decision-making process regarding the provision of a free appropriate public education (hereinafter FAPE) for the student, and resulted in a deprivation of educational benefits to the student. The SRO appropriately determined that the student was thereby denied a FAPE for the 2005/2006 school year (*see* 20 USC § 1415 [f] [3] [E] [ii]; 34 CFR 300.513 [a] [2]; 8 NYCRR 200.5 [j] [4] [ii]). Although the SRO's findings as to the father's credibility as a witness conflicted with those of the Independent Hearing Officer (hereinafter IHO), deference to the findings of witness credibility by an IHO is not necessary where, as here, "non-testimonial, extrinsic evidence in the hearing record would justify a contrary conclusion or unless the hearing record, read in its entirety, would compel a contrary conclusion" (*Application of a Student Suspected of Having a Disability*, NY St Educ Dept, Off of St Review, Decision No. 08-100, at 7 n 5 [Nov. 24, 2008], citing *Carlisle Area School v Scott P. By and Through Bess P.*, 62 F3d 520, 524 [1995], *cert denied* 517 US 1135 [1996]; *Application of the Bd. of Educ.*, NY St Educ Dept, Off of St Review, Decision No. 08-074 [Sept. 5, 2008]; *Application of the Dept. of Educ.*, NY St Educ Dept, Off of St Review, Decision No. 08-037 [June 11, 2008]; *Application of the Bd. of Educ. of the Eastport S. Manor Cent. School Dist.*, NY St Educ Dept, Off of St Review, Decision No. 04-091 [Dec. 15, 2004]; *Application of the Bd. of Educ. of the Northport-East Northport Union Free School Dist.*, NY St Educ Dept, Off of St Review, Decision No. 03-062 [Nov. 25, 2003]; *Application of the Bd. of Educ. of the Half Hollow Hills Cent. School Dist.*, NY St Educ Dept, Off of St Review, Decision No. 03-038 [Oct. 30, 2003]; *Application of a Child with a Disability*, NY St Educ Dept, Off of St Review, Decision No. 03-025 [Dec. 16, 2003]; *Application of a Child with a Disability*, NY St Educ Dept, Off of St Review, Decision No. 02-019 [Feb. 13, 2002]).

.

The parties' remaining contentions are without merit. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.